UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY

| | |
|---|---|
| JOHN T. GALLOWAY,<br>Individually and on behalf of a class,<br><br>    Plaintiff,<br><br>  v.<br><br>THE KANSAS CITY LANDSMEN, L.L.C.,<br>D/B/A BUDGET RENT A CAR,<br>and DOES 1-10,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT – CLASS ACTION** |

## INTRODUCTION

1. Plaintiff John T. Galloway ("Plaintiff"), individually and on behalf of a class defined herein, brings this action against The Kansas City Landsmen, L.L.C. d/b/a Budget Rent A Car ("Defendant") to secure redress for a violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. The operative provision of FACTA, codified at 15 U.S.C. §1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 WL 1040864, *3 (C.D. Cal. Apr. 5, 2007); accord, Iosello v. Leiblys, Inc., 502 F. Supp. 2d 782 (N.D. Ill. 2007); Follman v. Hospitality Plus of Carpentersville, Inc., 532 F. Supp. 2d 960 (N.D. Ill. 2007); Follman v.

Village Squire, Inc., 542 F. Supp. 2d 816 (N.D. Ill. 2007); Korman v. Walking Co., 503 F. Supp. 2d 755 (E.D. Pa. 2007); Ramirez v. MGM Mirage, Inc., 524 F. Supp. 2d 1226 (D. Nev. 2007); *see also In re The TJX COMPANIES, INC.*, MDL No. 1853., No. 07-md-1853-KHV, 2008 WL 2020375, at *1 (D. Kan. May 9, 2008) (citing 15 U.S.C. § 1681c(g)(1)) ("FACTA prohibits retailers who accept credit or debit cards from 'print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'"); Hammer v. JP's Southwestern Foods, L.L.C., 739 F.Supp.2d 1155, 1157 (W.D. Mo. 2010) (citing 15 U.S.C. § 1681c(g)) ("[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.")

4. The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

5. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

6. Merchants generally will not honor a credit card in a card-not-present transaction (telephone, internet or fax) without both the correct expiration date and the card number.

Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

7. To curb this means of identity theft, Congress prohibited merchants, such as Defendant, who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

8. Congress gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

9. Despite years of publication, notice and compliance by other merchants, Defendant has willfully violated FACTA and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

10. Plaintiff brings this action against Defendant based on its violations of 15 U.S.C. §§ 1681 *et seq.* and seeks statutory damages, attorneys' fees, costs, and such other relief as the Court deems proper, including punitive damages.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p ("FCRA").

12. Venue is proper because Defendant's principal place of business is located in this District.

**PARTIES**

13. Plaintiff John T. Galloway is a resident of Weston, Missouri.

14. Defendant is a Missouri for profit corporation with its principal place of business in Missouri at 901 Tel Aviv Avenue, Kansas City, Missouri 64153. Defendant's registered agent is David B. Sexton, 2900 Brooktree Lane, Suite 100, Gladstone, Missouri 64119.

15. Defendant conducts business operations of renting passenger vehicles using multiple facilities throughout the Kansas City metropolitan region, including, but not limited to, a location near the Kansas City International Airport with an address of 703 London Drive, Kansas City, Missouri 64153.

16. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

**FACTS**

17. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

18. 15 U.S.C. §1681c(g)(1), provides that:

> …no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

19. The publication of more than five digits of a credit card or debit card number on customer receipts disseminated at the point of sale increases the possibility of identity theft and therefore Congress required that no more than five digits of a credit card number could be printed on a customer receipt. Similarly, the publication of expiration dates on customer receipts disseminated at the point of sale, in addition to the last four or five digits of the credit card or debit card number, exponentially increases the possibility of identity theft, which is the obvious reason that the credit card companies and Congress require the truncation of expiration dates.

The expiration dates and credit card or debit card numbers are used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

20. An identity thief who steals a receipt containing more than five digits of a credit card or debit card number can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. Similarly, a would be identity thief who steals a receipt containing the last four or five digits of a credit card or debit card number and an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

21. With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

22. With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 1, 2006.

23. In May 2007, the Federal Trade Commission issued a business alert informing businesses that "you may include no more than the last five digits of the [credit and debit] card number, and you must delete the [credit and debit] card's expiration date." FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information in Receipts.

24. Defendant accepts Visa, MasterCard, Discover credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at Defendant's rental car locations.

25. Visa, MasterCard, American Express, and Discover by contract require Defendant to be FACTA compliant.

26. Visa explicitly instructed merchants, including Defendant, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

27. MasterCard explicitly instructed merchants, including Defendant, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

28. American Express explicitly instructed merchants, including Defendant, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

29. Discover explicitly instructed merchants, including Defendant, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

30. In transacting its business, Defendant uses one or more cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

31. Plaintiff has a bank issued credit and/or debit card as defined under 15 U.S.C. § 1681a.

32. On September 28, 2011, Plaintiff used his American Express credit card to make a rental car purchase at Defendant's location at 703 London Drive, Kansas City, Missouri 64153, near the Kansas City International Airport.

33. At the completion of his purchase, Plaintiff was given a computer-generated cash register receipt displaying <u>nine</u> digits of his credit card account <u>and</u> the expiration date of his credit card.

34. Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) are keenly aware of the importance of truncating credit card or debit card numbers to no more than five digits and truncating expiration dates.

35. At the time of the FACTA violations identified in this Complaint and before, Defendant knew of its obligations under FACTA and the importance of the truncation requirements.

36. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could readily have done the same, but failed to comply.

37. The cost of truncating credit card or debit card numbers and/or expiration dates is minimal particularly when compared with the risk posed to consumers such as Defendant's customers.

38. Despite knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendant must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendant continues to willfully disregard FACTA's

requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA after December 4, 2006.

## VIOLATION ALLEGED

39. Defendant violated 15 U.S.C. § 1681c(g)(1), which provides that:

> …**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**
>
> 15 U.S.C. § 1681c(g)(1) (emphasis added).

40. The FCRA, 15 U.S.C. § 1681n, provides:

> § 1681n. Civil Liability for willful noncompliance
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to the sum of - (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; ***
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court…

41. Defendant knew of and ignored its legal duty to truncate the expiration date and card numbers from debit card and credit card purchases that it accepted from Plaintiff and the class members at the point of sale or alternatively, Defendant failed to inquire at all about its duty to truncate as required by the statute.

42. Defendant received information on multiple occasions regarding the truncation requirements and its importance for prevention of identity theft.

8
WA 3100827.1

Case 4:11-cv-01020-DGK   Document 1   Filed 10/07/11   Page 8 of 11

43. Notwithstanding all of the publicity and the Defendant's knowledge of the statute's requirements, it willfully failed to comply with FACTA thereby putting all of its customers financial identities at risk.

44. The FCRA, 15 U.S.C. § 1681p, provides:

> § 1681p. Jurisdiction of courts; limitation of actions
>
> An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –
>
> (1) 2 years after the date of discovery by plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

## CLASS ALLEGATIONS OF THE VIOLATION ALLEGED

45. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

46. The proposed class is defined as all persons who used either a Visa, MasterCard, or Discover debit or credit card, and/or American Express credit card at any of Defendant's rental locations where Defendant provided an electronically printed receipt at the point of sale or transaction that violated FACTA's truncation requirements of that person's credit or debit card for a time period beginning December 4, 2006 until the date of the filing of this lawsuit.

47. The class is so numerous that joinder of all individual members in one action would be impracticable.

48. There are well over 100 persons who used either a Visa, MasterCard, or Discover debit or credit card, and/or American Express credit card at Defendant's business locations where Defendant provided an electronically printed receipt at the point of sale or transaction that

9
WA 3100827.1

Case 4:11-cv-01020-DGK   Document 1   Filed 10/07/11   Page 9 of 11

violated FACTA's truncation requirements for a time period beginning December 4, 2006 until the date of the filing of this lawsuit.

49. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

50. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

> a. Whether Defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;
>
> b. Whether Defendant thereby violated FACTA; and
>
> c. Whether Defendant's conduct was willful.

51. Plaintiff will fairly and adequately represent the class members.

52. Plaintiff has no interests that conflict with the interests of the class members.

53. Plaintiff has retained experienced counsel in consumer class action matters.

54. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

WHEREFORE, Plaintiff requests this Honorable Court to: 1) certify the class as described herein; and 2) enter judgment in favor of Plaintiff and the class members and against Defendant for:

a. Statutory damages of no less than $100 nor more than $1,000 per violation;

b. Attorney's fees and costs; and

c. For such other and further relief as the Court may deem proper including pre- and post-judgment interest and punitive damages.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri as the place of trial.

DATED this 7th day of October 2011.

RESPECTFULLY SUBMITTED,

SPENCER FANE BRITT & BROWNE LLP

/s/ Bryant T. Lamer
Bryant T. Lamer  MO #57355
Brian J. Christensen  MO #53497
Lindsay Todd Perkins MO#60004
1000 Walnut, Suite 1400
Kansas City, Missouri
Telephone:  (816) 474-8100
Facsimile:  (816) 474-3216
blamer@spencerfane.com
bchristensen@spencerfane.com
ltoddperkins@spencerfane.com

**ATTORNEYS FOR PLAINTIFF**