IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY

| | |
|---|---|
| JOHN T. GALLOWAY, individually, and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE KANSAS CITY LANDSMEN, LLC, <br> A BETTERWAY RENT-A-CAR, INC., <br> EASY CAR RENTAL COMPANY, <br> ADAMSON CAR & TRUCK RENTAL, INC., <br> A BETTERWAY LEASING, LLC, <br> THE ST. GEORGE LANDSMEN, LLC, <br> A BETTERWAY FUNDING, LLC, <br> KANSAS CITY FUNDING, LLC, <br> THE KANSAS LANDSMEN, LLC, <br> MEMPHIS FUNDING, LLC, <br> WICHITA FUNDING LLC, <br> THE WICHITA LANDSMEN, LLC, <br> THE UTAH LANDSMEN, LLC, <br> MILLARD REAL ESTATE HOLDINGS, LLC, <br> EASY CAR LEASING, LLC, <br> THE MEMPHIS LANDSMEN, LLC, <br> THE SALT LAKE CITY LANDSMEN, LLC, <br> EASY CAR FUNDING, INC., <br> GELDER-WILLETT, <br> EASY CAR REALTY, AND <br> DOUGLAS COUNTY REAL ESTATE, LLC | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     CIVIL ACTION NO. 4:11-cv-01020 |
| Defendants. | ) |

## AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff John T. Galloway ("Plaintiff"), individually and on behalf of a class defined herein, brings this action against The Kansas City Landsmen, L.L.C. d/b/a Budget Rent A Car, The Kansas City Landsmen, L.L.C., A Betterway Rent-A-Car, Inc., Easy Car Rental

OP 641981.1

Company, Adamson Car & Truck Rental, Inc., A Betterway Leasing, L.L.C., The St. George Landsmen, L.L.C., Betterway Funding, L.L.C., Kansas City Funding, L.L.C., The Kansas Landsmen, L.L.C., Memphis Funding, L.L.C., Wichita Funding L.L.C., The Wichita Landsmen, L.L.C., The Utah Landsmen, L.L.C., Millard Real Estate Holdings, L.L.C., Easy Car Leasing, L.L.C., The Memphis Landsmen, L.L.C., The Salt Lake City Landsmen, L.L.C., Easy Car Funding, Inc., Gelder-Willett, Easy Car Realty, Douglas County Real Estate, L.L.C. (collectively, "Defendants") to secure redress for a violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.      The operative provision of FACTA, codified at 15 U.S.C. §1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.      Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 WL 1040864, *3 (C.D. Cal. Apr. 5, 2007); accord, Iosello v. Leiblys, Inc., 502 F. Supp. 2d 782 (N.D. Ill. 2007); Follman v. Hospitality Plus of Carpentersville, Inc., 532 F. Supp. 2d 960 (N.D. Ill. 2007); Follman v. Village Squire, Inc., 542 F. Supp. 2d 816 (N.D. Ill. 2007); Korman v. Walking Co., 503 F. Supp. 2d 755 (E.D. Pa. 2007); Ramirez v. MGM Mirage, Inc., 524 F. Supp. 2d 1226 (D. Nev. 2007); *see also In re The TJX COMPANIES, INC.*, MDL No. 1853., No. 07-md-1853-KHV, 2008 WL 2020375, at *1 (D. Kan. May 9, 2008) (citing 15 U.S.C. § 1681c(g)(1)) ("FACTA prohibits retailers who accept credit or debit cards from 'print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'"); Hammer v. JP's Southwestern Foods, L.L.C., 739 F.Supp.2d 1155, 1157

(W.D. Mo. 2010) (citing 15 U.S.C. § 1681c(g)) ("[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.")

4. The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

5. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

6. Merchants generally will not honor a credit card in a card-not-present transaction (telephone, internet or fax) without both the correct expiration date and the card number. Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

7. To curb this means of identity theft, Congress prohibited merchants, such as Defendants, who accept credit cards and debit cards (or who facilitate the accepting of credit and debit cards) from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number (or facilitating such issuance).

8. Congress gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

9. Despite years of publication, notice and compliance by other merchants, Defendants have willfully violated FACTA and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

10. Plaintiff brings this action against Defendants based on their violations of 15 U.S.C. §§ 1681 *et seq.* and seeks statutory damages, attorneys' fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p ("FCRA").

12. Venue is proper because Defendant the Kansas City Landsmen, L.L.C.'s principal place of business is located in this District and the Parties have agreed to venue in this District.

## PARTIES

13. Plaintiff John T. Galloway is a resident of Weston, Missouri.

14. Defendant The Kansas City Landsmen, L.L.C. ("KCL") is a Missouri for profit corporation with its principal place of business in Missouri at 703 London Drive, Kansas City, Missouri 64153. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

15. A Betterway Rent-A-Car, Inc. is a corporation incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067.

By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

16. Easy Car Rental Company is a corporation incorporated in Nebraska with its principal place of business at 1755 East Locust Street, Omaha, Nebraska, 68110. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

17. Adamson Car & Truck Rental, Inc. is a corporation incorporated in Alabama with its principal place of business at 2301 3rd Avenue S, Birmingham, Alabama, 35233. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

18. A Betterway Leasing, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas 75201.

19. The St. George Landsmen, LLC is a limited liability company incorporated in Georgia with its principal place of business at 4550 South Airport Parkway St. George, Utah, 84790. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

20. A Betterway Funding, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

21. Kansas City Funding, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000 Dallas, Texas, 75201.

22. The Kansas Landsmen, LLC is a limited liability company incorporated in Kansas with its principal place of business at 1895 Midfield Road, Wichita, Kansas, 67209. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

23. Memphis Funding, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000 Dallas, Texas, 75201.

24. Wichita Funding LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

25. The Wichita Landsmen, LLC is a limited liability company incorporated in Kansas with its principal place of business at 1895 Midfield Road, Wichita, Kansas, 67209. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

26. The Utah Landsmen, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia

30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas 75201.

27. Millard Real Estate Holdings, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas 75201.

28. Easy Car Leasing, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas 75201.

29. The Memphis Landsmen, LLC is a limited liability company incorporated in Tennessee with its principal place of business at 2650 Rental Road, Memphis, Tennessee 38118. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

30. The Salt Lake City Landsmen, LLC is an limited liability company incorporated in Georgia with its principal place of business at 641 North 3800 West Salt Lake City, Utah 84101. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

31. Easy Car Funding, Inc. is a corporation incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

32. Gelder-Willet is a limited liability partnership incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

33. Easy Car Realty is a limited liability partnership incorporated in Nebraska with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

34. Douglas County Real Estate, LLC is a limited liability company incorporated in Georgia with its principal place of business at 1110 Northchase Parkway SE Suite 200, Marietta, Georgia 30067. By agreement with defense counsel, this defendant may be served through Barry Golden, Gardere Wynne Sewell, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201.

35. Defendants conduct business operations of renting passenger vehicles (or facilitate such renting).

36. Defendants are each "person that accepts credit cards or debit cards for the transaction of business" (or facilitate such acceptance) within the meaning of FACTA.

## FACTS

37. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

38. 15 U.S.C. §1681c(g)(1), provides that:

> …no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

8

OP 641981.1

Case 4:11-cv-01020-DGK   Document 32   Filed 06/13/12   Page 8 of 16

39. The publication of more than five digits of a credit card or debit card number on customer receipts disseminated at the point of sale increases the possibility of identity theft and therefore Congress required that no more than five digits of a credit card number could be printed on a customer receipt. Similarly, the publication of expiration dates on customer receipts disseminated at the point of sale, in addition to the last four or five digits of the credit card or debit card number, exponentially increases the possibility of identity theft, which is the obvious reason that the credit card companies and Congress require the truncation of expiration dates. The expiration dates and credit card or debit card numbers are used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

40. An identity thief who steals a receipt containing more than five digits of a credit card or debit card number can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. Similarly, a would be identity thief who steals a receipt containing the last four or five digits of a credit card or debit card number and an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

41. With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

42. With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 1, 2006.

43. In May 2007, the Federal Trade Commission issued a business alert informing businesses that "you may include no more than the last five digits of the [credit and debit] card number, and you must delete the [credit and debit] card's expiration date." FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information in Receipts.

44. Defendants accept (or facilitate the acceptance of) Visa, MasterCard, Discover credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at Defendants' facilities.

45. Visa, MasterCard, American Express, and Discover by contract require Defendants to be FACTA compliant.

46. Visa explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

47. MasterCard explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

48. American Express explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

49. Discover explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

50. In transacting its business, Defendants use one or more cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

51. Upon information and belief, Defendants are affiliated entities that utilize common information technology and employees to manage point-of-sale software that either masks or reveals credit card numbers and expiration dates on electronically printed receipts.

52. Plaintiff has a bank issued credit and/or debit card as defined under 15 U.S.C. § 1681a.

53. On September 28, 2011, Plaintiff used his American Express credit card to make a rental car purchase at one of the Defendants' locations at 703 London Drive, Kansas City, Missouri 64153, near the Kansas City International Airport.

54. At the completion of his purchase, Plaintiff was given a computer-generated cash register receipt displaying <u>nine</u> digits of his credit card account <u>and</u> the expiration date of his credit card.

55. Upon information and belief, each of the other Defendants also provided (or facilitated in the provision of) receipts violating FACTA's truncation requirements to their customers.

56. Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) are keenly aware of the importance of truncating credit card or debit card numbers to no more than five digits and truncating expiration dates.

57. At the time of the FACTA violations identified in this Complaint and before, Defendants knew of their obligations under FACTA and the importance of the truncation requirements.

58. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendants could readily have done the same, but failed to comply.

59. The cost of truncating credit card or debit card numbers and/or expiration dates is minimal particularly when compared with the risk posed to consumers such as Defendants' customers.

60. Despite knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendants must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendants continued to willfully disregard FACTA's requirements and continued to use (or facilitate the use of) cash registers or other machines or devices that printed receipts in violation of FACTA after December 4, 2006.

## VIOLATION ALLEGED

61. Defendants violated 15 U.S.C. § 1681c(g)(1), which provides that:

> …**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. § 1681c(g)(1) (emphasis added).

62. The FCRA, 15 U.S.C. § 1681n, provides:

> § 1681n. Civil Liability for willful noncompliance
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to

12

OP 641981.1

Case 4:11-cv-01020-DGK   Document 32   Filed 06/13/12   Page 12 of 16

the sum of - (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; ***

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court…

63. Defendants knew of and failed to comply with their legal duty to truncate the expiration date and card numbers from debit card and credit card purchases that they accepted (or facilitated the acceptance) from Plaintiff and the class members at the point of sale.

64. Defendants received information on multiple occasions regarding the truncation requirements and their importance for prevention of identity theft.

65. Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA thereby putting all of their customers financial identities at risk.

66. The FCRA, 15 U.S.C. § 1681p, provides:

§ 1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –

(1)    2 years after the date of discovery by plaintiff of the violation that is the basis for such liability; or

(2)    5 years after the date on which the violation that is the basis for such liability occurs.

### CLASS ALLEGATIONS OF THE VIOLATION ALLEGED

67. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

68. The proposed class is defined as all individuals who, on or after December 4, 2006, and on or before October 7, 2011 (the "Class Period"), used any debit or credit card at any of Defendants' rental locations (a list of which is attached as Exhibit 1 and incorporated herein) where a Defendant provided (or facilitated the provision of) an electronically printed receipt at the point of sale or transaction that contained the credit or debit card's expiration date and/or more than the last four digits of the credit or debit card number.

69. The class is so numerous that joinder of all individual members in one action would be impracticable.

70. There are well over 100 persons who used either a Visa, MasterCard, or Discover debit or credit card, and/or American Express credit card at Defendants' business locations where Defendants provided (or facilitated the provision of) an electronically printed receipt at the point of sale or transaction that violated FACTA's truncation requirements for a time period beginning December 4, 2006 until October 7, 2011.

71. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

72. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a. Whether Defendants had a practice of providing customers (or facilitating the provision of) with a sales or transaction receipt which failed to comply with the truncation requirement;

    b. Whether Defendants thereby violated FACTA; and

    c. Whether Defendants' conduct was willful.

73. Plaintiff will fairly and adequately represent the class members.

74. Plaintiff has no interests that conflict with the interests of the class members.

75. Plaintiff has retained experienced counsel in consumer class action matters.

76. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

WHEREFORE, Plaintiff requests this Honorable Court to: 1) certify the class as described herein; and 2) enter judgment in favor of Plaintiff and the class members and against Defendants for:

    a. Statutory damages of no less than $100 nor more than $1,000 per violation;

    b. Attorney's fees and costs; and

    c. For such other and further relief as the Court may deem proper including pre-and post-judgment interest and punitive damages.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri as the place of trial.

DATED this 13th day of June, 2012.

RESPECTFULLY SUBMITTED,

SPENCER FANE BRITT & BROWNE LLP


/s/  Brian J. Christensen
Bryant T. Lamer         MO #57355
Brian J. Christensen    MO #53497
Lindsay Todd Perkins MO#60004
1000 Walnut, Suite 1400
Kansas City, Missouri
Telephone:              (816) 474-8100
Facsimile:              (816) 474-3216
blamer@spencerfane.com
bchristensen@spencerfane.com
ltoddperkins@spencerfane.com

**ATTORNEYS FOR PLAINTIFF**