# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### KANSAS CITY

| | |
|---|---|
| JOHN T. GALLOWAY,<br>individually, and on behalf of a class,<br><br>       Plaintiff,<br><br>    v.<br><br>THE KANSAS CITY LANDSMEN, LLC,<br>A BETTERWAY RENT-A-CAR, INC.,<br>EASY CAR RENTAL COMPANY,<br>ADAMSON CAR & TRUCK RENTAL, INC.,<br>A BETTERWAY LEASING, LLC,<br>THE ST. GEORGE LANDSMEN, LLC,<br>A BETTERWAY FUNDING, LLC,<br>KANSAS CITY FUNDING, LLC,<br>THE KANSAS LANDSMEN, LLC,<br>MEMPHIS FUNDING, LLC,<br>WICHITA FUNDING LLC,<br>THE WICHITA LANDSMEN, LLC,<br>THE UTAH LANDSMEN, LLC,<br>MILLARD REAL ESTATE HOLDINGS, LLC,<br>EASY CAR LEASING, LLC,<br>THE MEMPHIS LANDSMEN, LLC,<br>THE SALT LAKE CITY LANDSMEN, LLC,<br>EASY CAR FUNDING, INC.,<br>GELDER-WILLETT,<br>EASY CAR REALTY, AND<br>DOUGLAS COUNTY REAL ESTATE, LLC<br><br>      Defendants. | CIVIL ACTION NO. 4:11-cv-01020 |

## SUGGESTIONS IN SUPPORT OF UNOPPOSED MOTION FOR (1) CONDITIONAL CLASS CERTIFICATION; (2) APPOINTMENT OF CLASS REPRESENTATIVE; (3) APPOINTMENT OF CLASS COUNSEL; (4) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS; AND (5) SETTING OF FINAL APPROVAL HEARING

OP 623620.4

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

BACKGROUND ............................................................................................................................1

ARGUMENT AND AUTHORITIES ............................................................................................3

I.      THE STANDARD FOR CLASS CERTIFICATION IS MET ..........................................4

        A.      The Requirements of Rule 23(a) Are Satisfied. .....................................................4

        B.      The Requirements of Rule 23(b)(3) Are Satisfied. .................................................8

        C.      The Implicit Requirements are Met. .....................................................................12

II.     CLASS COUNSEL SHOULD BE APPOINTED. ...........................................................13

III.    THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY
        APPROVED. ....................................................................................................................13

        A.      The Settlement Terms are Reasonable. .................................................................14

        B.      The Settlement Benefits Merit Approval ..............................................................16

IV.     THE CLASS NOTICE PLAN IS APPROPRIATE ..........................................................18

V.      ESTABLISHMENT OF A FINAL APPROVAL HEARING ...........................................19

CONCLUSION .............................................................................................................................20

CERTIFICATE OF SERVICE ....................................................................................................21

OP 623620.4

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arkansas Educ. Ass'n v. Bd. Of Educ.*,
446 F.2d 763 (8th Cir. 1971) ..................................................................................6

*Bateman v. American Multi-Cinema, Inc.*,
623 F.3d 708 (9th Cir. 2010) ................................................................................12

*Beringer v. Standard Parking Corp.*,
Nos. 07-C-5027, 07-C-5119, 2008 WL 4390626 (N.D. Ill. 2008) ...............7, 9, 10, 11, 12, 17

*Bird Hotel Corp. v. Super 8 Motels, Inc.*,
246 F.R.D. 603 (D.S.D. 2007) ...............................................................................11

*Blades v. Monsanto Co.*,
400 F.3d 562 (8th Cir. 2005) ..................................................................................8

*Bradford v. AGCO Corp.*,
187 F.R.D. 600 (W.D. Mo. 1999) ...........................................................................6

*Carusone v. Joe's Crab Shack Holdings, Inc.*,
No. 07-0320 (W.D. Pa. 2008) ...............................................................................15

*Chaffin v. Rheem Mfg. Co.*,
904 F.2d 1269 (8th Cir. 1990) ................................................................................7

*Curiale v. Hershey Entm't & Resorts Co.*,
No. 07-0651 (M.D. Pa. 2008) ...............................................................................15

*Curiale v. Lenox Group, Inc.*,
No. 07-1432, 2008 WL 4899474 (E.D. Pa. 2008) ..........................................15, 16

*Dejulius v. New England Health Care Employees Pension Fund*,
429 F.3d 935 (10th Cir. 2005) ..............................................................................18

*Ehrheart v. Pfaltzgraff Factory Stores, Inc.*,
No. 07-1433 (E.D. Pa. 2008) ................................................................................15

*Gardner v. Equifax Info. Servs., LLC*,
No. 06-CV-3102, 2007 WL 2261688 (D. Minn. 2007) ..........................................8

*Gries v. Standard Ready Mix Concrete, L.L.C.*,
252 F.R.D. 479 (N.D. Iowa 2008) ..........................................................................5

*Halperin v. Interpark, Inc.*,
No. 07-CV-2161, 2007 WL 4219419 (N.D. Ill. 2007) ..........................................11

ii

OP 623620.4

*Hammer v. JP's Southwestern Foods, L.L.C.*,
    267 F.R.D. 284 (W.D. Mo. 2010) ........................................................................6, 7, 9, 10, 12

*Hanlon v. Aramark Sports, LLC*,
    No. 09-465, 2010 WL 374765 (W.D. Pa. 2010) ....................................................................18

*Hanlon v. Palace Entertainment Holdings, LLC*,
    No. 11–987, 2012 WL 27461 (W.D. Pa. 2012) ..............................................................11, 15

*Holling-Fry v. Coventry Health Care of Kansas, Inc.*,
    No. 07–0092–CV–W–DGK, 2011 WL 6180456 (W.D. Mo. 2011)........................................3

*In re Aquila ERISA Litig.*,
    237 F.R.D. 202 (W.D. Mo. 2006) .................................................................................6, 13

*In re Motor Fuel Temperature Sales Practices Litigation*,
    258 F.R.D. 671 (D. Kan. 2009).............................................................................................18

*In re Nissan Motor Corp. Antitrust Litigation*,
    552 F.2d 1088 (5th Cir. 1977) .............................................................................................18

*In re Potash Antitrust Litig.*,
    159 F.R.D. 682 (D. Minn. 1995).............................................................................................9

*In re St. Jude Med.*,
    425 F.3d 1116 (8th Cir. 2005) ...............................................................................................4

*In re Teflon Products Liability Litigation*,
    254 F.R.D. 354 (S.D. Iowa 2008) ....................................................................................4, 12

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
    396 F.3d 922 (8th Cir. 2005) ........................................................................................3, 4, 14

*Klingensmith v. Max & Erma's Restaurants, Inc.*,
    No. 07-0318, 2007 WL 3118505 (W.D. Pa. 2007)................................................................15

*Long v. Joseph-Beth Group, Inc.*,
    No. 07-0433 (W.D. Pa. 2008) ...............................................................................................16

*Mace v. Van Ru Credit Corp.*,
    109 F.3d 338 (7th Cir. 1997) ................................................................................................11

*Matthews v. United Retail, Inc.*,
    248 F.R.D. 210 (N.D. Ill. 2008)..............................................................................................9

*Mirfasihi v. Fleet Mortg. Corp.*,
    356 F.3d 781 (7th Cir. 2004) ................................................................................................18

iii

OP 623620.4

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ........................................................................................ 18

*Murray v. GMAC Mortgage Corp.*,
    434 F.3d 948 (7th Cir. 2006) ................................................................... 10, 17

*New England Health Care Employees Pension Fund v. Woodruff*,
    520 F.3d 1255 (10th Cir. 2008) ........................................................................ 20

*Parker v. Time Warner Entertainment Co., L.P.*,
    331 F.3d 13 (2d Cir. 2003) ............................................................................... 17

*Paxton v. Union Nat'l Bank*,
    688 F.2d 552 (8th Cir. 1982) ...................................................................... 5, 6, 7

*Petrovic v. Amoco Oil Co.*,
    200 F.3d 1140 (8th Cir. 1999) .................................................................. 3, 4, 14

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ........................................................................................ 10

*Redmon v. Uncle Julio's of Ill., Inc.*,
    249 F.R.D. 290 (N.D. Ill. 2008) ......................................................................... 9

*Reynoso v. South County Concepts*,
    No. SACV07-373-JVS, 2007 WL 4592119 (C.D. Cal. 2007) ....................... 9, 11

*Riedel v. XTO Energy, Inc.*,
    257 F.R.D. 494 (E.D. Ark. 2009) ....................................................................... 5

*Safeco Insurance Co. v. Burr*,
    551 U.S. 47 (2007) ............................................................................................ 2

*Schering-Plough Corp. v. FTC*,
    402 F.3d 1056 (11th Cir. 2005) ........................................................................ 20

*Schumacher v. Tyson Fresh Meats, Inc.*,
    221 F.R.D. 605 (D.S.D. 2004) .......................................................................... 11

*Smith v. Grayling Corp.*,
    No. 07-1905, 2008 WL 3861286 (E.D. Pa. 2008) .............................................. 15

*State of W. Va. v. Chas. Pfizer & Co.*,
    440 F.2d 1079 (2d Cir. 1971) ........................................................................... 18

*Troy v. Red Lantern Inn, Inc.*,
    No. 07-C-2418, 2007 WL 4293014 (N.D. Ill. 2007) .......................................... 12

OP 623620.4

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S.Ct. 2541 (2011) ........................................................................6

*Wineland v. Casey's General Stores, Inc.*,
    267 F.R.D. 669 (S.D. Iowa 2009) ....................................................11

**FEDERAL STATUTES**

15 U.S.C. § 1681 ...............................................................................1, 2

15 U.S.C. § 1681c(g) ..............................................................................1

15 U.S.C. § 1681n .........................................................................10, 17

15 U.S.C. § 1681o ................................................................................17

**RULES**

C. Wright & A. Miller, Federal Practice and Procedure § 1762 ...................5

Fed. R. Civ. P. 23 ...................................................................1, 4, 12, 19

Fed. R. Civ. P. 23(a) ..................................................................4, 5, 6, 8, 13

Fed. R. Civ. P. 23(a)(1) ...........................................................................5

Fed. R. Civ. P. 23(a)(2) ...........................................................................6

Fed. R. Civ. P. 23(a)(3) ...........................................................................7

Fed. R. Civ. P. 23(a)(4) .......................................................................7, 8

Fed. R. Civ. P. 23(b)(3) ...........................................................4, 8, 9, 10, 13

Fed. R. Civ. P. 23(c)(2) .........................................................................18

Fed. R. Civ. P. 23(e) ...............................................................................3

Fed. R. Civ. P. 23(e)(2) .........................................................................20

Fed. R. Civ. P. 23(g) .............................................................................13

**CONSTITUTIONAL PROVISIONS**

Due Process Clause of the United States Constitution ...........................18

U.S. Const., Amendment V. ...................................................................18

OP 623620.4

**OTHER AUTHORITIES**

4 Newberg, *Class Actions* § 11.41 ...................................................................................................20

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.05 (4th ed. 2002).................5

Robin Sidel, "Identity Theft – Unplugged Despite the High-Tech Threat, When You Get
   Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1 ............1

OP 623620.4

Plaintiff John T. Galloway ("Plaintiff"), pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's Guidelines for Motions for Preliminary and Final Approval of Class Action Settlement, hereby respectfully requests an Order: conditionally certifying the Settlement Class, appointing Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel, preliminarily approving the proposed Settlement, approving notice to the Class, and setting a Final Approval Hearing. In support of this Unopposed Motion, Plaintiff states as follows:

## BACKGROUND

In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was signed into law. The purpose of FACTA, an amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), is to protect consumers from the devastating effects of identity theft and credit card and debit card fraud. The Federal Trade Commission estimates that over 9 million people each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

> To thwart this pervasive technique and its devastating effects, FACTA provides that:
>
> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g). Each of these "truncation" requirements provides a crucial barrier between an individual's financial identity and a would-be identity thief's predatory efforts to

OP 623620.4

steal private financial information.  Accordingly, to incentivize compliance with this important provision, the statute subjects willful[1] violators of the Act to damage awards in an amount between $100 and $1,000 per violation.  *Id.* at § 1681n.

Plaintiff filed his Class Action Complaint against Defendant the Kansas City Landsmen d/b/a Budget Rent a Car on October 7, 2011.[2]  Plaintiff alleges that Defendants willfully violated FACTA by failing to properly truncate the display of credit and debit card numbers and expiration dates on electrically printed receipts provided to their customers.  He further asserts that Defendants' non-compliance was willful and seeks statutory damages, punitive damages and attorneys' fees on his behalf, and for the members of the proposed Class.

Defendant Kansas City Landsmen filed an Answer on January 12, 2012 denying it had engaged in any unlawful conduct.  On March 22, 2012, the Parties mediated the dispute.  Prior to and during mediation the Parties shared substantial informal discovery and worked toward settlement.  For example, Defendants provided information regarding the number of individuals in the proposed Class and the number of credit/debit card transactions during the Class Period.  Due to this extensive pre-mediation negotiation, mediation proved successful.  Plaintiff now seeks the Court's preliminary approval of a class action Stipulation and Settlement Agreement (the "Settlement") resolving all claims against Defendants in this action and subject to final Court approval.

The Settlement was entered into at arms-length by experienced counsel, and only after extensive negotiations.  The Settlement bears a probable, reasonable relationship to the claims

---

[1]FACTA is a subsection of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*  Under FCRA, a "willful" violation is one that is reckless or knowing.  *Safeco Insurance Co. v. Burr*, 551 U.S. 47, 57 (2007).

[2]On June 12, 2012, Plaintiff filed an unopposed motion for leave to amend his Complaint to add additional related defendants to the lawsuit.  The motion was granted June 13, 2012.  For purposes of this Motion, Plaintiff refers to the Kansas City Landsmen and the additional defendants collectively as "Defendants."

2

OP 623620.4

alleged by Plaintiff and the litigation risks of Plaintiff and Defendants.  Plaintiff submits that the Settlement is sufficiently within the range of possible final approval and warrants an order from this Court granting preliminary approval and directing the provision of notice to Settlement Class Members.

## ARGUMENT AND AUTHORITIES

The settlement approval procedure provided for by the Settlement Agreement has three distinct steps:

1.      Submission of the Settlement to the Court for preliminary approval;

2.      Providing notice to the Settlement Class; and

3.      A final approval hearing.

"Under Rule 23(e) a court must review any 'settlement, voluntary dismissal, or compromise' of the 'claims, issues, or defenses of a certified class.'"  *Holling-Fry v. Coventry Health Care of Kansas, Inc.*, No. 07–0092–CV–W–DGK, 2011 WL 6180456, *1 (W.D. Mo. 2011) (quoting Fed.R.Civ.P. 23(e)).  "The court is responsible for determining that the settlement terms are fair, adequate, and reasonable, and must act as a fiduciary, 'serving as a guardian of the rights of absent class members.'"  *Id.* (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005)).  "A district court must consider four factors in determining whether a settlement is fair, adequate, and reasonable: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement."  *Id.*  "The most important consideration is the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement."  *Id.* (quotations omitted).  *See also Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999).  "Ultimately,

3

OP 623620.4

the court must determine whether the interests of the class are better served by settlement than by further litigation." *Id.* (citing *In re Wireless*, 396 F.3d at 932).

With this Motion, Plaintiff requests that the Court take the first step in the settlement approval process and preliminarily approve the Settlement. Plaintiff requests that the Court certify the Settlement Class for purposes of obtaining approval of the Settlement and providing notice, and appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel. For purposes of settlement only, Defendants do not oppose Plaintiff's Motion.

## I. THE STANDARD FOR CLASS CERTIFICATION IS MET.

Plaintiff respectfully asks this Court to grant class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All individuals who, on or after December 4, 2006, and on or before October 7, 2011 (the "Class Period"), used any debit or credit card at any of Defendants' rental locations where a Defendant provided or facilitated the provision of an electronically printed receipt at the point of sale or transaction that contained the credit or debit card's expiration date and/or more than the last four digits of the credit or debit card number.

"To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." *In re St. Jude Med.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Additionally, courts have added two additional "implicit" requirements to the certification analysis. *See In re Teflon Products Liability Litigation*, 254 F.R.D. 354, 360 (S.D. Iowa 2008). This Court should certify the Class because all implicit and explicit requirements of Rule 23 are satisfied in this case. *See* Fed.R.Civ.P. 23.

### A. The Requirements of Rule 23(a) Are Satisfied.

Pursuant to Rule 23(a):

One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or

defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). Each of these requirements is satisfied.

### 1. The Class is Numerous

Under Rule 23(a)(1), the Court must determine that the proposed class is so numerous that "joinder of all members is impracticable." *See Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982). The number of persons in the proposed class is the most obvious factor relevant to this determination. *Id.* There is no bright-line number of class members required, nor does an exact number need to be established. *Id.*; *see also Riedel v. XTO Energy, Inc.*, 257 F.R.D. 494, 506 (E.D. Ark. 2009) (plaintiffs need not provide identity of class members to establish numerosity).

Additionally, "[s]atisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required." *Gries v. Standard Ready Mix Concrete, L.L.C.*, 252 F.R.D. 479, 484 (N.D. Iowa 2008). It has consistently been held that joinder is impracticable where the class is composed of more than 40 persons. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.05 (4th ed. 2002).

Other factors relevant to the numerosity determination include "the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." *Paxton*, 688 F.2d at 559-60 (citing C. Wright & A. Miller, Federal Practice and Procedure § 1762).

In this case, numerosity of the Class is established because between December 4, 2006 and October 7, 2011, Defendants engaged in approximately 1.3 million credit or debit card transactions with approximately 770,000 individuals to whom one or more non-compliant

OP 623620.4

receipts was provided.  Thus, the number of class members is far beyond the number deemed sufficient in other cases.  *See Arkansas Educ. Ass'n v. Bd. Of Educ.*, 446 F.2d 763, 756–66 (8th Cir. 1971) (approving class of twenty members); *Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999) (certifying class of twenty to sixty-five members).

It would not be practicable to join all the Class Members in this litigation.  Further, thousands of separate trials would be wasteful when each case turns on the same evidence – a nonconforming receipt and Defendants' state of mind in providing it.   Accordingly, the numerosity requirement of Rule 23(a) is met.

### 2.      The Commonality Requirement is Satisfied.

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class." "All issues need not be common to every member of the class."  *Hammer v. JP's Southwestern Foods, L.L.C.*, 267 F.R.D. 284, 288 (W.D. Mo. 2010) (citing *Paxton*, 688 F.2d at 561).  "Rather, Rule 23(a)(2) is satisfied 'where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.'"  *Id.* (quoting *Paxton*, 688 F.2d at 561); *See also In re Aquila ERISA Litig.*, 237 F.R.D. 202, 210 (W.D. Mo. 2006) (stating that the "appropriate focus" in determining commonality is on the "conduct of the defendants, not the plaintiffs"); *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (claims must depend upon a common contention that is capable of class wide resolution).

In this case, Plaintiff and the Class share nearly identical questions of law and fact.  They are whether: 1) Defendants had a practice of providing printed sales receipts displaying more than the last four digits of the credit/debit card and/or the expiration date of the card; 2) Defendants provided such receipts to Plaintiff and the members of the Class; 3) Defendants' conduct violated FACTA; 4) Defendants' conduct was willful; 5) Plaintiff and members of the

OP 623620.4

Class are entitled to statutory damages, punitive damages, costs, and/or attorneys' fees for Defendants' conduct; and 6) any defenses apply. Accordingly, the commonality requirement is satisfied.

### 3. Plaintiff's claims are "typical."

Rule 23(a)(3) requires that proposed class representatives have claims "typical" of other class members. "The Eighth Circuit long ago defined typicality as requiring 'a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff.'" *Hammer*, 267 F.R.D. at 288 (quoting *Chaffin v. Rheem Mfg. Co.*, 904 F.2d 1269, 1275 (8th Cir. 1990)).

Plaintiff's claims against Defendants are identical to those of the Class. Plaintiff alleges that Defendants violated FACTA by providing him, and each member of the proposed Class, with a receipt containing more than the last five digits and/or the expiration date of the credit or debit card. Further, Plaintiff seeks exactly the same statutory damages that each member of the Class would likewise seek. Each class member's basis for recovery is premised on the same legal theory and conduct. Accordingly, Plaintiff's claims are typical of every Class member. *See Beringer v. Standard Parking Corp.*, Nos. 07-C-5027, 07-C-5119, 2008 WL 4390626, *2 (N.D. Ill. 2008) (requirement of typicality "easily satisfied" in FACTA class action).

### 4. Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.

A putative class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This rule has two subparts: "whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562-63. Rule 23(a)(4) "serves to uncover conflicts of interest between

OP 623620.4

named parties and the class they seek to represent." *Gardner v. Equifax Info. Servs., LLC*, No. 06-CV-3102, 2007 WL 2261688, at *4 (D. Minn. 2007).

Plaintiff satisfies both prongs of this requirement. As discussed above, Plaintiff's claims are identical with other members of the class. Because Plaintiff's claims are identical to the Class, and he has no other interest in the case, there is no potential for conflicting interests in this case. Additionally, Plaintiff will capably fulfill the duties required of a Class representative. Moreover, Plaintiff has retained qualified and experienced attorneys who are competent in class action litigation, and FACTA class action litigation in particular. Accordingly, because Plaintiff and his counsel will adequately and effectively represent and promote the interests of the Class, the requirements of Rule 23(a)(4) are satisfied. For these reasons, Plaintiff John T. Galloway asks the Court to appoint him as a representative of the Settlement Class.

**B.     The Requirements of Rule 23(b)(3) Are Satisfied.**

In addition to Rule 23(a)'s class certification requirements, a proposed class must satisfy one of the three alternative requirements of Rule 23(b). Fed.R.Civ.P. 23(b). Plaintiff seeks certification pursuant to Rule 23(b)(3), which authorizes certification when:

> [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed.R.Civ.P. 23(b)(3). Both conditions of Rule 23(b)(3) are satisfied in this case.

**1.     Common Questions of Law and Fact Predominate.**

The predominance requirement of Rule 23(b)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). "The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual." *Id.* The predominance requirement

8

OP 623620.4

is satisfied if "there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 693 (D. Minn. 1995).

Common questions of both law and fact predominate in this case, specifically: whether Defendants provided improperly truncated printed sale receipts, whether this conduct violated FACTA, and whether Defendants' conduct was willful. The evidence necessary to answer these questions is standardized and would require establishing that it was Defendants' practice to provide such receipts and Defendants' state of mind in doing so. Likewise, any defenses raised by Defendants would be applicable to all Class members as well. Other district courts addressing class certification in similar FACTA cases have found that the predominance requirement of Rule 23(b)(3) is met. *See, e.g., Hammer*, 267 F.R.D. at 289 (rejecting defendant's argument that individual inquiries regarding each class member's status as a "consumer" under FACTA defeated predominance; rather that "pertains only to the predicate issue of ascertaining the members of the class, and not the predominance inquiry."); *Redmon v. Uncle Julio's of Ill., Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008) (common predominating issue was whether defendant "issued credit or debit card receipts bearing prohibited material"); *Beringer*, 2008 WL 4390626, *at 4 ("The conduct at issue here—namely, the creation of a computer-generated receipt—is completely standardized. Individual questions are thus nonexistent at the liability stage, and even the existence of many individual questions at the damages stage seems unlikely, given the more or less uniform injury suffered by class members."); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 216 (N.D. Ill. 2008); *Reynoso v. South County Concepts*, No. SACV07-373-JVS, 2007 WL 4592119, *4 (C.D. Cal. 2007).

OP 623620.4

## 2.    A Class Action is Superior to Other Means of Adjudication.

Rule 23(b)(3) requires that class resolution be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  Four factors are relevant to this analysis:

(A)    the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)    the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3).  These factors strongly weigh in favor of class certification.

Individual members of the Class have little interest in controlling the prosecution of a separate action.  First, most members of the Class are likely unaware Defendants' conduct placed them at greater risk of identity theft, or that they have rights under FACTA.  In any event, many members are unlikely to pursue their claims individually because the "potential recovery is slight compared to the cost of litigation." *Hammer*, 267 F.R.D. at 290.  While the statute permits the recovery of attorneys' fees and costs, the statutory damages range only between $100 and $1,000.  15 U.S.C. § 1681n.  Such recovery is relatively meager compared to the time and effort necessary to litigate.  *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006).  Thus, in the absence of a class action, members of the class could be deprived of legal redress. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985); *Beringer*, 2008 WL 4390626, at *6 ("Denying class certification here would therefore make it more likely that the federal interest Congress intended to vindicate in FACTA would go unaddressed.").  Accordingly, courts have endorsed class treatment in such circumstances, stating:

OP 623620.4

> [T]he proposed class consists of people who, because of the size of their claims, would be without effective strength to bring their opponents into court at all. The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Schumacher v. Tyson Fresh Meats, Inc.*, 221 F.R.D. 605, 616-17 (D.S.D. 2004) (internal citations omitted); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). *See also Reynoso*, 2007 WL 4592119, at *6 ("The Court is not convinced that the fact that an individual plaintiff can recover attorney's fees in addition to statutory damages of up to $1,000 will result in enforcement of the FCRA by individual actions of a scale comparable to the potential enforcement by way of class action.").

The other factors also weigh in favor of certification. First, there is no litigation currently pending involving similar claims against Defendants. Second, resolving these claims on a class-wide basis in a single forum is efficient and cost-effective. *See Bird Hotel Corp. v. Super 8 Motels, Inc.*, 246 F.R.D. 603, 608 (D.S.D. 2007); *Halperin v. Interpark, Inc.*, No. 07-CV-2161, 2007 WL 4219419, at *4 (N.D. Ill. 2007); *Beringer*, 2008 WL 4390626, at *6 ("Proceeding as a class action for all the individuals who have a claim under FACTA against Defendant for what was printed on their receipts presents substantial efficiency gains, making a class action superior to the alternative of separate individual suits."). Third, "[b]ecause the class sought to be certified is for settlement purposes only, the Court need not concern itself with questions of manageability that would arise were this action to proceed in litigation." *Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669, 675 (S.D. Iowa 2009); *see also Hanlon v. Palace Entertainment Holdings, LLC*, No. 11–987, 2012 WL 27461, *4-5 (W.D. Pa. 2012) (class action settlement does not raise due process issue of large damage award).

11

OP 623620.4

Accordingly, and for the purposes of settlement, Defendants do not dispute that the Settlement Class should be certified.

### C.      The Implicit Requirements are Met.

In addition to the explicit requirements stated in Rule 23, many courts also have recognized two "implicit" requirements: "1) that the class definition is drafted to ensure that membership is capable of ascertainment under some objective standard; and 2) that all class representatives are in fact members of the proposed class." *In re Teflon Products Liability Litigation*, 254 F.R.D. at 360 (internal quotations omitted). The Settlement Agreement defines the Class in terms that make the class members objectively identifiable – those individuals to whom a Defendant provided or facilitated the provision of an electronically printed receipt, in a transaction occurring on or after December 4, 2006, and on or before October 7, 2011, on which a Defendant printed the expiration date of the individual's credit card or debit card and/or more than the last four digits of the individual's credit card or debit card number. This definition provides an objective basis for ascertaining an individual's status as a class member. Indeed, numerous courts have certified FACTA class actions using similar class definitions. *See, e.g., Hammer v. JP's Southwestern Foods, L.L.C.*, 267 F.R.D. 284 (W.D. Mo. 2010); *Beringer v. Standard Parking Corp.*, Nos. 07-C-5027, 07-C-5119, 2008 WL 4390626 (N.D. Ill. 2008); *Troy v. Red Lantern Inn, Inc.*, No. 07-C-2418, 2007 WL 4293014 (N.D. Ill. 2007); *see also Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010).

Additionally, Plaintiff is in fact a member of the proposed class: Defendant the Kansas City Landsmen d/b/a Budget Rent a Car provided him an electronically printed receipt in a transaction occurring after October 6, 2006, on which Defendant printed more than the last four digits of his credit card number and the expiration date of his credit card. Accordingly, the implicit prerequisites to class certification are met. Because the explicit and implicit

12

requirements of Rule 23(a) and (b)(3) are satisfied, this Court should certify the Settlement Class.

## II.     CLASS COUNSEL SHOULD BE APPOINTED.

Pursuant to Rule 23(g) class counsel must "fairly and adequately represent the interests of the class." *In re Aquila ERISA Litig.*, 237 F.R.D. at 213.  To make this determination, courts must evaluate the following:

> [T]he work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions and other complex litigation and claims of the type asserted in the present action, counsel's knowledge in the applicable law, and the resources counsel will commit to representing the class.

*Id.* at 213-14; Fed.R.Civ.P. 23(g).

Plaintiff's counsel has performed extensive research and investigation as part of the filing and litigating of Plaintiff's claims, and has actively litigated the case since its inception.  Further, Plaintiff's counsel is currently handling several other class actions asserting similar violations of FACTA, and is constantly monitoring the legal landscape of these types of actions. Additionally, Plaintiff's counsel has substantial broad-based multi-jurisdictional experience in other types of complex litigation as well.[3]  Furthermore, Plaintiff's counsel has significant resources to commit to the vigorous and aggressive prosecution of this matter to promote the interests of Plaintiff and the putative class members.  Plaintiff's counsel is willing and prepared to provide additional information on these qualifications if so requested by this Court.  Plaintiff requests that his counsel be appointed as Class Counsel.

## III.    THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED.

"A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms

---

[3]The Court's attention is respectfully referred to proposed class counsels' complex and class action litigation experience sheet, attached hereto as Exhibit A.

13

OP 623620.4

of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)).

### A.     The Settlement Terms are Reasonable.

The proposed Settlement is fair, reasonable and adequate.  In exchange for the release of Plaintiff's and the Settlement Class's claims,[4] Defendants have agreed to provide each Class Member who submits a valid claim a Certificate redeemable for $5.00 off any rental or $25.00 off any rental exceeding $150.00.  *See* Settlement Agreement, attached hereto at Appendix I, at ¶16(a).  A Certificate will be provided to every Class Member that shows that he or she made a credit/debit card transaction at one of Defendants' retail locations during the Class Period.  Class Members can receive up to four Certificates.  The coupons are transferrable and there is no cap to the number of coupons that Defendants will provide to the Class.  *See* Settlement Agreement at ¶ 16(a).  In addition, Defendants have agreed to a Court order requiring Defendants to comply with FACTA at all of their rental locations.  *See* Settlement Agreement at ¶ 5.

Additional value is created through Defendants' agreement to fund notice and administration. *See* Settlement Agreement at ¶ 10(c); *see also* Resume and Overview of Claims Administrator, attached hereto as Exhibit B.  Class administration is estimated to cost over $45,000.  While an expensive process, this is reasonable given the complexity of the case, the

---

[4]As part of the Settlement Agreement, Class Members will release Defendants from any claim related to the display of credit card expiration dates and/or account numbers on customers' electronically printed receipts, or the display of any other letters, numbers, or symbols covered by laws similar to FACTA.  *See* Settlement Agreement, at ¶ 20(c).

OP 623620.4

number of parties, and the numerous store locations. This expense is comparable to similar class action administrations. Additionally, the cost of administration will not reduce the compensation available to the Settlement Class.

Defendants have also agreed to pay Plaintiff a Class Representative incentive fee of up to $3,000, and attorneys' fees, expenses and costs in an amount up to $175,000. *See* Settlement Agreement at ¶ 16(b), (c).None of these payments reduce the value of the Class consideration.

To receive their Certificates, Class Members must submit a valid Claim Form within ninety (90) days of the posting of notice. *See* Settlement Agreement at ¶ 18. It is anticipated the Administrator will receive a substantial number of Claim Forms. To facilitate the submission of Claim Forms, the Administrator will be available every day full-time during normal business hours in the claims period to assist Class members. A comprehensive website will be hosted at the Defendants' expense to serve as additional resource. Finally, Class Counsel will be available to assist potential Class Members.

Several courts have approved analogous settlements and attorneys' fees requests in similar FACTA cases. *See, e.g., Klingensmith v. Max & Erma's Restaurants, Inc.*, No. 07-0318, 2007 WL 3118505 (W.D. Pa. 2007); *Curiale v. Lenox Group, Inc.*, No. 07-1432, 2008 WL 4899474, at *10 (E.D. Pa. 2008) (citing similar FACTA settlements)[5]; *Hanlon*, 2012 WL 27461.

_____

[5]*See, e.g., Smith v. Grayling Corp.*, No. 07-1905, 2008 WL 3861286, at *1 (E.D. Pa. 2008) (granting final approval of FACTA settlement providing for $7.00 vouchers and $3,000 to plaintiffs' class representative); *Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, No. 07-1433 (E.D. Pa. 2008) (granting final approval of FACTA settlement providing for payment options of a free mug or dinner plate valued at $8.00, or a coupon for $10.00 off a $25.00 purchase; attorneys' fees of $112,500 to the plaintiffs' class counsel; and $2,500 to the plaintiffs' class representative); *Curiale v. Hershey Entm't & Resorts Co.*, No. 07-0651 (M.D. Pa. 2008) (granting final approval of FACTA settlement providing for $8.33 voucher or $8.00 coupon; attorneys' fees of $105,000; a donation of $5,000.00 to charity; and $2,000 to plaintiffs' class representative); *Carusone v. Joe's Crab Shack Holdings, Inc.*, No. 07-0320 (W.D. Pa. 2008) (granting final approval of FACTA settlement providing for two $4.00 coupons; a donation of

15

OP 623620.4

For example, in *Curiale v. Lenox Group, Inc.*, the court preliminarily approved a settlement agreement similar to the one in this case whereby Lenox agreed to (1) an injunction requiring it to comply with FACTA; (2) provide class members who submitted a valid claim a coupon permitting the member to choose one of three relief options: (a) $5.00 off any purchase at Lenox's stores; (b) a free bud vase with a retail value of $10.00; or (c) $25.00 off a purchase at Defendant's stores of $150.00 or more; (3) to donate $5,000 to a charity of its choosing, subject to approval of class counsel; and (4) $115,000 in attorney fees and up to $5,000 in costs and expenses.   Additionally, attached at Exhibit C is a chart showing other FACTA settlements, including the attorneys' fees and class representative incentive payments, approved by various district courts.  Based on the relief available to the Class and the fact that the attorneys' fees and incentive fee requested will not reduce this Class relief, Plaintiff's attorneys' fees and incentive fee requests are reasonable and justifiable.  For all of the foregoing reasons, Plaintiff requests that this Court enter an order preliminarily approving the Settlement Agreement attached hereto as Appendix I.

### B.  The Settlement Benefits Merit Approval

The settlement value available for the Settlement Class is a good result in light of Defendants' financial condition[6] and what Plaintiff and the Class could achieve if they were to proceed to trial.

Litigation inheres several risks.  For Plaintiff and the Class to prevail at trial, they would have to prove that Defendants' conduct in providing the non-compliant receipts was "willful"

---

$5,000 to charity; attorneys' fees; and $2,500 to plaintiffs' class representative); *Long v. Joseph-Beth Group, Inc.*, No. 07-0433 (W.D. Pa. 2008) (granting final approval of FACTA settlement providing for $5.00 coupon).

[6]*See* Affidavit, attached hereto as Exhibit D.

OP 623620.4

within the meaning of Section 1681n of the FCRA. If willfulness were proven, each Class Member[7] would be entitled to a damage award between $100 and $1,000 and the possibility of punitive damages. *See* 15 U.S.C.A. § 1681n. While such a recovery would likely surpass the value created in the proposed settlement, it would also require Plaintiff and the Class to overcome the hurdle of establishing willfulness. And while Plaintiff believes he has a good case for a willfulness finding, Defendants vigorously dispute that their alleged conduct was willful under the facts of this case and will defend against such a finding. Thus, there is a substantial question whether a jury would find willful, as opposed to negligent, conduct.[8]

Even if willfulness were proven, there is a question of whether a statutory (and possibly punitive) damage award of such a magnitude (up to $1000 per 1.3 million transactions) could be deemed unconstitutional. *See Beringer*, 2008 WL 4390626, at *5 (citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d at 954; *Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003)). Finally, even if Plaintiff prevailed on every factual and legal issue before this Court, an appeal, and the costs attendant thereto, would follow. Thus, the value of immediate recovery greatly exceeds the possibility of future recovery months or (likely) years from now. Finally, at this preliminary approval stage, there has been no objection to the settlement agreement from potential Class Members. And prior to the Court's final approval, Class Members will have an opportunity to voice any objections to the Settlement Agreement or to request exclusion from the Settlement Class.

---

[7] Plaintiff contends each Class Member is a "consumer" under FACTA, however, Defendants are likely to take a contrary position. Litigating the scope of the term "consumer" is a cost avoided through settlement.

[8] A showing of negligent conduct only entitles a plaintiff to <u>actual</u> damages and attorneys' fees. 15 U.S.C.A. § 1681o. Plaintiff has not pled a cause of action for actual damages, thus any finding of negligent conduct on the part of the Defendants will result in no benefit to the Class.

OP 623620.4

## IV. THE CLASS NOTICE PLAN IS APPROPRIATE

Federal Rule of Civil Procedure 23(c)(2) requires the Court to direct to class members the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ.P. 23(c)(2).

Likewise, the Due Process Clause of the United States Constitution guarantees class members the right to notice of class certification or settlement, *see* U.S. Const., amend. V; *Dejulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 943-44 (10th Cir. 2005); however, "[t]his due process right does not require actual notice to each party intended to be bound by adjudication of a class action." *See In re Motor Fuel Temperature Sales Practices Litigation*, 258 F.R.D. 671, 676 (D. Kan. 2009) (citing *Dejulius*, 429 F.3d at 944). *See also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950) ("A construction of the Due Process Clause which would place impossible or impractical obstacles in the way could not be justified."); *State of W. Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1090 (2d Cir. 1971) (holding publication alone constituted the best notice practicable).

In this case, Defendants do not maintain individual contact information for Class Members, thus, the Parties cannot reasonably provide notice directly to each individual Class Member. Therefore, the Parties submit that the "best notice practicable under the circumstances" is to publish notice in the principle newspaper of general circulation covering each city in which any Defendant currently has a retail location, to conspicuously post notices in Defendants' retail locations, and to post notice on a website maintained by the Claims Administrator. *See In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1098 (5th Cir. 1977) ("type of notice to which a member of a class is entitled depends upon the information available to the parties about that person"); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004) (stating that when individual notice is not feasible, notice by publication in a newspaper is sufficient); *Hanlon*

OP 623620.4

*v. Aramark Sports, LLC*, No. 09-465, 2010 WL 374765, *6 (W.D. Pa. 2010) (in FACTA case, publication in local newspaper and posting at defendant's retail location deemed sufficient).

Accordingly, Defendants will publish notice once in each the Atlanta Journal-Constitution, Birmingham News, Kansas City Star, The Commercial Appeal, Omaha World Herald, Salt Lake Tribune, and Wichita Eagle. The publication will occur no later than fifteen (15) days following the entry of the Preliminary Approval Order. The publication will be substantially similar in size to the Publication Class Notice attached to the Settlement Agreement as Exhibit C. Additionally, Defendants will post notice at each of their rental locations in a conspicuous place. The notice will be posted no later than fifteen (15) days following the entry of the Preliminary Approval Order and will remain posted for a period of sixty (60) days. The notice will be substantially similar to what appears at Exhibit C to the Settlement Agreement.

Furthermore, the Claims Administrator will post a comprehensive notice (the "Full Legal Notice") regarding the Action and the terms of the Settlement Agreement on a website to be created by the Claims Administrator (*i.e.*, www.noticeclass.com/GallowaySettlement) for a period of sixty (60) days. The Administrator will post the Full Legal Notice no later than fifteen (15) days following the entry of the Preliminary Approval Order. The Full Legal Notice will be substantially similar to what appears at Exhibit D to the Settlement Agreement.

Thus, Plaintiff submits that the Notice plan as set-out in the Settlement Agreement constitutes the best notice practicable under the circumstances and fully comports with the notice requirements of Rule 23 and the Due Process Clause. Plaintiff respectfully requests that the proposed Notice be approved, and that the Court order the posting and publication of Notice.

## V.    ESTABLISHMENT OF A FINAL APPROVAL HEARING

The third step in the class action settlement process is the final approval hearing, at which time the Court may finally determine whether the proposed Settlement is fair, reasonable, and

OP 623620.4

adequate. *See* Fed. R. Civ. P. 23(e)(2). At the final approval hearing, proponents of the Settlement may explain and describe its terms and conditions and Class Members and/or their counsel may be heard in support of or in opposition to the Settlement. Exhibit H to the Settlement Agreement provides a schedule to assist the Court in setting the Final Approval Hearing.

## CONCLUSION

The law favors compromise and settlement of class action suits. *See Schering-Plough Corp. v. FTC*, 402 F.3d 1056 (11th Cir. 2005); 4 Newberg, *Class Actions* § 11.41 (citing cases); *see also New England Health Care Employees Pension Fund v. Woodruff*, 520 F.3d 1255, 1258 (10th Cir. 2008). Plaintiff submits that this Settlement is fair, adequate and reasonable and should be preliminarily approved.

WHEREFORE, Plaintiff John T. Galloway respectfully requests that the Court enter an Order conditionally certifying the Settlement Class, appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel, preliminarily approving the Settlement and notice to the Class, and setting a Final Approval Hearing and for such other relief the Court deems just and proper.

OP 623620.4

Respectfully submitted,

s/   Brian J. Christensen
Brian J. Christensen MO # 53497
Bryant T. Lamer   MO # 57355
Lindsay Todd Perkins MO # 60004
Spencer Fane Britt & Browne LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
E-mail:bchristensen@spencerfane.com
             blamer@spencerfane.com
             ltoddperkins@spencerfane.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This will certify that the foregoing was served, this 25th day of June, 2012, via the Court's

CM/ECF system which will notify all counsel of record of its filing.

s/   Brian J. Christensen
*Attorney for Plaintiff*

21

OP 623620.4