**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY**

| | |
|---|---|
| JOHN T. GALLOWAY,<br>individually, and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>THE KANSAS CITY LANDSMEN, LLC,<br>A BETTERWAY RENT-A-CAR, INC.,<br>EASY CAR RENTAL COMPANY,<br>ADAMSON CAR & TRUCK RENTAL, INC.,<br>A BETTERWAY LEASING, LLC,<br>THE ST. GEORGE LANDSMEN, LLC,<br>A BETTERWAY FUNDING, LLC,<br>KANSAS CITY FUNDING, LLC,<br>THE KANSAS LANDSMEN, LLC,<br>MEMPHIS FUNDING, LLC,<br>WICHITA FUNDING LLC,<br>THE WICHITA LANDSMEN, LLC,<br>THE UTAH LANDSMEN, LLC,<br>MILLARD REAL ESTATE HOLDINGS, LLC,<br>EASY CAR LEASING, LLC,<br>THE MEMPHIS LANDSMEN, LLC,<br>THE SALT LAKE CITY LANDSMEN, LLC,<br>EASY CAR FUNDING, INC.,<br>GELDER-WILLETT,<br>EASY CAR REALTY, AND<br>DOUGLAS COUNTY REAL ESTATE, LLC<br><br>Defendants. | CIVIL ACTION NO. 4:11-cv-01020 |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND CLASS
REPRESENTATIVE INCENTIVE FEE**

OP 832281.2

# TABLE OF CONTENTS

Page(s)

I. PRELIMINARY STATEMENT ..................................................................................1
II. BACKGROUND .........................................................................................................2
III. THE SETTLEMENT AND PRELIMINARY APPROVAL.........................................3
    A. Benefits to the Settlement Class Members ....................................................3
    B. Notice of the Settlement was Provided to the Settlement Class Members. ....4
    C. Requests for Exclusions and Objections.........................................................4
IV. LEGAL ANALYSIS ...................................................................................................4
    A. Plaintiff's Success in this FACTA Action Entitles Class Counsel to the Requested Fee ..................................................................................................4
    B. A Lodestar Analysis Confirms That the Fee Requested is Reasonable..............5
        1. Hourly Rates.........................................................................................6
        2. Hours Expended...................................................................................6
        3. Costs ....................................................................................................7
    C. The Fee Requested is Also Reasonable Calculated as a Percentage of Economic Benefit Recovered for the Class .....................................................7
        1. The Time and Labor Required.............................................................9
        2. The Novelty and Difficulty of the Questions......................................9
        3. The Skill Required to Perform the Legal Service Properly ................9
        4. The Preclusion of Other Employment ...............................................10
        5. The Customary Fee ............................................................................10
        6. Whether the Fee is Fixed or Contingent ............................................10
        7. The Time Limitations Imposed by the Client or the Circumstances .........10
        8. The Amount Involved and the Results Obtained..............................10
        9. The Experience, Reputation, and Ability of the Attorneys........................11
        10. The "Undesirability" of the Case.......................................................11
        11. The Nature and Length of the Professional Relationship with the Client ...................................................................................................11
        12. Awards in Similar Cases....................................................................11
    D. The Class Representative Is Entitled to an Incentive Fee..............................13
V. CONCLUSION ..........................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alyeska Pipeline Service Co. v. Wilderness Society*,
   421 U.S. 240 (1975)...................................................................................................................7

*Bateman v. American Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) .......................................................................................................9

*Blum v. Stenson*,
   465 U.S. 886 (1984) ....................................................................................................................7

*Boeing Company v. Van Gemert*,
   444 U.S. 472 (1980)..............................................................................................................10, 12

*Childs v. Unified Life Ins. Co.*,
   No. 10–CV–23–PJC, 2011 WL 6016486 (N.D. Okla. 2011) .....................................................5

*Curiale v. Hershey Entm't & Resorts Co.*,
   No. 07-0651 (M.D. Pa. 2008) ...................................................................................................12

*Curiale v. Lenox Group, Inc.*,
   No. 07-1432, 2008 WL 4899474 (E.D. Pa. 2008) ....................................................................11

*Ehrheart v. Pfaltzgraff Factory Stores, Inc.*,
   No. 07-1433 (E.D. Pa. 2008) ....................................................................................................12

*Fish v. St. Cloud State Univ.*,
   295 F.3d 849 (8th Cir. 2002) ......................................................................................................5

*Hanlon v. Palace Entertainment Holdings, LLC*,
   No. 11–987, 2012 WL 27461 (W.D. Pa. 2012) .......................................................................12

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983).....................................................................................................................6

*In re Aquila ERISA Litig.*,
   No. 04-00865-CV-DW, 2007 WL 4244994 (W.D. Mo. 2007) ...............................................13

*In re IBP, Inc. Securities Litigation*,
   328 F.Supp.2d 1056 (D.S.D. 2004).............................................................................................7

*In re Xcel Energy Inc. Securities, Derivative and ERISA Litig.*,
   364 F.Supp.2d 980 (D. Minn. 2005) ..............................................................................8, 9, 10

OP 832281.2

*Johnson v. Georgia Highway Express*,
  488 F.2d 714 (5th Cir. 1974)..............................................................................8, 9, 11

*Klingensmith v. Max & Erma's Restaurants, Inc.*,
  No. 07-0318, 2007 WL 3118505 (W.D. Pa. 2007)..................................................11

*Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.*,
  No. 09–cv–01543–REB–KMT, 2010 WL 5387559 (D. Colo. 2010).....................13

*Nienaber v. Citibank (South Dakota) N.A.*,
  No. 04-4054, 2007 WL 2003761 (D.S.D. 2007) ......................................................4

*Oh v. AT&T Corporation*,
  225 F.R.D. 142 (D.N.J. 2004)..................................................................................8

*Peterson v. Mortgage Sources, Corp.*,
  No. 08–2660–KHV, 2011 WL 3793963 (D. Kan. 2011).........................................11

*Petrovic v. Amoco Oil Co.*,
  200 F.3d 1140 (8th Cir. 1999) ..................................................................................7

*Pezl v. Amore Mio*,
  259 F.R.D. 344 (N.D. Ill. 2009)................................................................................9

*Reibstein v. Rite Aid Corp.*,
  761 F.Supp.2d 241 (E.D. Pa. 2011) ..........................................................................9

*Sprague v. Ticonic Nat'l Bank*,
  307 U.S. 161 (1939) ..................................................................................................7

*Wheeler v. Missouri Highway & Transp. Com'n*,
  348 F.3d 744 (8th Cir. 2003) ....................................................................................5

**STATUTES**

28 U.S.C. §1712(b) .............................................................................................................5

15 U.S.C.A. § 1681o.........................................................................................................14

**OTHER AUTHORITIES**

BLACK'S LAW DICTIONARY (8th ed. 2004)..........................................................................7

Rule 23 of the Federal Rules of Civil Procedure ...............................................................3

Plaintiff John T. Galloway ("Plaintiff") hereby respectfully requests an Order from this Court approving his request for attorneys' fees and costs and class representative incentive fee in the above-captioned action. In support of his Unopposed Motion, Plaintiff states as follows:

I. **PRELIMINARY STATEMENT**

The Parties' Settlement Agreement shows that this litigation on behalf of a consumer class was successful. The proposed Settlement provides Settlement Class Members[1] with a Certificate for $10.00 applicable to any rental, or $30.00 applicable to a rental exceeding $150.00 (excluding any fees or taxes), for each transaction the Settlement Class Member engaged in with Defendants during the Class Period for which they were provided an electronically printed receipt that included the credit or debit card's expiration date and/or more than the last five digits of the credit or debit card number. The Certificates are transferable, may be used in conjunction with other coupons or discounts, and shall be valid for 6 months following the Effective Date of the Settlement. According to information provided by Defendants in this Action, there were approximately 1,184,357 transactions conducted by Settlement Class Members for which they have received Certificates. Therefore, the *maximum* benefit available to Settlement Class Members as a result of this Settlement is $35,530,710 (if all Certificates were distributed successfully and were redeemed at the $30 level). [2]

Plaintiff has also succeeded because, as a result of this litigation, Defendants are now truncating credit and debit card receipts in compliance with FACTA at each of their currently owned businesses. Finally, additional value was created through Defendants' agreement to fund

---

[1] Capitalized terms as used herein have the same definitions as in the parties' Stipulation and Settlement Agreement, filed on January 18, 2013 as Exhibit 1 to the Suggestions in Support of Plaintiff's Supplemental and Amended Unopposed Motion for Preliminary Approval of the Settlement (Doc. 47).

[2] In a Declaration filed with the Court on October 11, 2013, Plaintiff's notice and administration expert Richard W. Simmons estimated that the actual redemption value of the Certificates likely will be between $3,709,490.40 and $5,440,585.92.

all costs of notice and claims administration. These benefits entitle Plaintiff's Counsel to an award of fees and costs and Plaintiff's to incentive fee payment.

## II.     BACKGROUND

Plaintiff filed his Class Action Complaint against Defendant the Kansas City Landsmen, LLC d/b/a Budget Rent a Car on October 7, 2011. On June 12, 2012, Plaintiff filed an unopposed motion for leave to amend his Complaint to add additional related defendants to the lawsuit (Doc. 30). The motion was granted, and Plaintiff's Amended Class Action Complaint was filed on June 13, 2012 (Doc. 32).[3] Plaintiff alleges that Defendants violated FACTA by failing to properly truncate the display of credit and debit card numbers and expiration dates on electrically printed receipts provided to their customers. He further asserts that Defendants' non-compliance was willful and seeks statutory damages, punitive damages and attorneys' fees on his behalf, and for the members of the proposed Class. Defendants deny they engaged in any unlawful conduct and deny that any violation of FACTA by any of them was willful.

After a successful mediation, the Parties reached a settlement agreement and on June 25, 2012, Plaintiff filed an unopposed motion for (1) conditional class certification, (2) appointment of class representative, (3) appointment of class counsel, (4) preliminary approval of class action settlement and notice to class, and (5) setting of final approval hearing (the "First Settlement Motion"). (Doc. 36). On November 12, 2012, this Court issued its Order Denying Approval of Class Settlement (the "Order"). (Doc. 38).

After further negotiations between the parties and guidance from this Court concerning enhanced relief for the class, they agreed to the proposed Settlement that is now before this Court. On January 18, 2013, Plaintiff filed his Supplemental and Amended Unopposed Motion

---

[3] For purposes of this Motion, Plaintiff refers to the Kansas City Landsmen and the additional defendants collectively as "Defendants."

and Memorandum in Support, seeking the Court's preliminary approval of the Settlement that resolves all claims against Defendants in this action subject to final Court approval. (Docs. 46 and 47). On November 14, 2013, this Court entered an Order granting Plaintiff's Motion for Preliminary Approval. As part of that Order, the Court concluded that, for purposes of settlement, the proposed Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure and therefore certified the Class for settlement purposes.

The Court also found that the terms of the Settlement Agreement are fair, adequate and reasonable and within the range of reasonableness for a class settlement and therefore preliminarily approved the settlement subject to further consideration at a Final Approval Hearing to be held on February 14, 2014. Additionally, the Court approved the Parties' Notice Plan as set out in the Settlement Agreement and in the motion for preliminary approval, finding the Plan adequate and appropriate. Additionally, the Court appointed Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel. (Doc. 65).

### III.  THE SETTLEMENT AND PRELIMINARY APPROVAL

#### A.  *Benefits to the Settlement Class Members*

The essential terms of the Settlement are set forth in the Settlement Agreement preliminarily approved by this Court on November 14, 2013. In particular, Defendants agreed to provide each Settlement Class Member with a Certificate good for $10 or $30 toward any rental, depending on the value of the rental. The Certificates shall be transferable, usable with other coupons and discounts at Defendants' business locations, and valid for six months following the Effective Date. There is no need for the Settlement Class Members to file claims in order to receive their Certificates; the Certificates have already been distributed via regular mail to Settlement Class Members along with Notice of the Settlement and will automatically become valid on the Effective Date.

### B. Notice of the Settlement was Provided to the Settlement Class Members.

In accordance with the Court's Order granting preliminary approval of the Parties' Settlement Agreement, the Parties carried out their Notice Plan. In particular, notice of this Action and the proposed Settlement has been mailed to Settlement Class Members with their Certificates, which will become valid on the Effective Date of the Settlement. This notice provided a link to a website where Settlement Class Members may obtain a copy of the Full Legal Notice and the Settlement Agreement.

### C. Requests for Exclusions and Objections

Settlement Class Members are required to submit requests for exclusion from the Settlement no later than January 30, 2014. Settlement Class Members must file and serve any objections to the Settlement no later than January 15, 2014.

## IV. LEGAL ANALYSIS

### A. Plaintiff's Success in this FACTA Action Entitles Class Counsel to the Requested Fee

Plaintiff requests an award of attorneys' fees and reimbursable expenses in the amount of $175,000. Two main approaches are utilized by courts to analyze a request for attorney fees. "Under the 'lodestar' approach, the hours expended by counsel are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount, and this amount may be adjusted up or down to reflect the individualized characteristics of a particular action." *Nienaber v. Citibank (South Dakota) N.A.*, No. 04-4054, 2007 WL 2003761, *2 (D.S.D. 2007) (citing *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 259-60 (8th Cir. 1991)). "The second method, the 'percentage of the benefit' approach, permits an award of attorney fees that is equal to some fraction of the common fund that counsel were successful in gathering during the course of the litigation in issue." *Id.* (citing *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996);

*Walitalo v. Iacocca*, 968 F.2d 741, 747-48 (8th Cir. 1992)). Although Plaintiff's request would be reasonable under either approach, Plaintiff's motion in this case is based on a lodestar approach, pursuant to 28 U.S.C. §1712(b).

Plaintiff was successful in making substantial value available to the Settlement Class. Specifically, as a result of this litigation, Plaintiff believes Defendants are now in compliance with FACTA at each of their business locations. Additionally, Plaintiff has created a total maximum monetary value for the Settlement Class Members of approximately $35,530,710 in the form of Certificates as described above. Had Plaintiff not accepted this settlement and instead proceeded to trial, there existed a material risk that Class Members would have recovered less, or perhaps nothing at all. Thus, Plaintiff's attorneys' fees request of $175,000 should be approved.

### B. *A Lodestar Analysis Confirms That the Fee Requested is Reasonable*

The starting point in determining attorney fees by the lodestar method is to multiply the number of hours reasonably expended by the reasonable hourly rates. *Wheeler v. Missouri Highway & Transp. Com'n*, 348 F.3d 744 (8th Cir. 2003); *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). However, "class counsel's willingness to prosecute this matter on a contingent basis . . . ordinarily shifts the analytical focus away from hours spent on the case to the ultimate result class counsel has obtained." *Childs v. Unified Life Ins. Co.*, No. 10–CV–23–PJC, 2011 WL 6016486, *15 n.10 (N.D. Okla. 2011) (citing *In re Harrah's Entm't*, No. CIV. A. 95–3925, 1998 WL 832574, at *5 (E.D. La. 1998) ("To overly emphasize the amount of hours spent on a contingency fee case would penalize counsel for obtaining an early settlement and would distort the value of the attorneys' services.")).

Class Counsel's hourly rates in this matter for attorneys have ranged from $215 to $330, and hourly rates for non-attorney staff have ranged from $75 to $160. Through the date of this motion, based on these hourly rates and the number of hours expended on this matter, Class Counsel's lodestar attorney fee is at least $148,631.00. In addition, more time has been spent and is expected to be spent by Class Counsel from now through the Final Approval Hearing on February 14, 2014 and perhaps beyond, associated with notice and administration of the Settlement, responses to any inquiries or objections by Settlement Class Members, and preparation for participation in the Final Approval Hearing. Finally, Class Counsel has incurred expenses in the amount of $2,828.16 thus far in this matter.

Plaintiff's request for fees and expenses represents a reasonable estimate of the ultimate lodestar in attorney fees, plus expenses, a request that is reasonable in this case especially considering the additional risk relating to the contingent nature of this matter.

### 1. Hourly Rates

Class Counsel's hourly rates of $215 to $330 for attorneys and $75 to $160 for non-attorney staff are well within the range of what is reasonable and appropriate in this region. Class Counsel's hourly rates are the same as their regular current rates charged for their services in their standard non-class, non-contingent matters. Thus, Class Counsel's rates do not reflect the increased risk factor of this action.

### 2. Hours Expended

To date, Class Counsel and their non-attorney staff have spent approximately 580 hours working on this matter at the hourly rates set forth above. There is no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. at 433. All the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiff and the Class.

3. Costs

Class Counsel has incurred $2,826.16 in expenses to date in the prosecution of this matter. Among other things, these costs include filing fees, copying charges, and charges for computerized legal research. All of the costs were advanced by Counsel and were necessarily incurred. Plaintiff should be awarded the unreimbursed costs in full.

C. *The Fee Requested is Also Reasonable Calculated as a Percentage of Economic Benefit Recovered for the Class*

Although this motion is based on a lodestar approach, even if the Court used the "percentage of recovery" method to determine a reasonable fee in this case, the amount Plaintiff is requesting would still be appropriate. In 1984, the Supreme Court observed that "[i]n the calculation of attorney's fees under the 'common fund doctrine,'[4] . . . a reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984).

The percentage-of-recovery method has become generally favored in cases involving a common fund. *In re IBP, Inc. Securities Litigation*, 328 F.Supp.2d 1056, 1064-65 (D.S.D. 2004) (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) and *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996)). This trend is consistent with the long-established notion that it is within a district court's broad discretion to determine the amount of a fee award. *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 166-67 (1939) (recognizing federal court's power in equity to award costs and fees in its discretion from a common fund); *see also Petrovic*, 200 F.3d at 1157.

---

[4] The common fund doctrine holds that a litigant who creates, discovers, increases, or preserves a fund to which others also have a claim is entitled to recover litigation costs and attorney's fees from that fund. BLACK'S LAW DICTIONARY (8th ed. 2004); *see also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975) (describing history and function of the doctrine that plaintiffs' attorneys in class cases may be awarded fees from a common fund generated for the benefit of the class).

While the case at bar is not a traditional "common fund" case in that no discrete sum of cash has been set aside into a fund, for purposes of Plaintiff's fee request it is nonetheless sufficiently similar to such cases because the Plaintiff's efforts have resulted in establishing a potential benefit for the Class of more than $35 million, and a likely actual redeemed benefit of between $3 million and $6 million (according to estimates of experts in this case). As such, the fee request can be considered in light of the percentage-of-recovery case law.

The percentage of recovery doctrine applies in both the obvious cases where a cash fund has been created, as well as in cases where a Defendants' change in practice or agreement to bring its conduct into compliance creates or bestows an aggregated value to the class. *Oh v. AT&T Corporation*, 225 F.R.D. 142 (D.N.J. 2004). For example, in *Oh*, the court applied the percentage-of-recovery model in awarding counsel fees of $3,301,446.00 where the plaintiff obtained the Defendants' agreement to bring its actions into compliance with a tariff that required the Defendants to provide consumers with two directory assistance listings. While there was no cash fund created, the court found that the Defendants' agreement to provide consumers with this service, as well several other negotiated services including a short term 1-800 directory assistance service, created an aggregate value to class members in the amount of $13 million. Based upon this value, among other things, the *Oh* court applied the percentage of recovery method and found that the request for counsel fees was appropriate on the basis that it amounted to 25.3% of the value created. *Oh*, 225 F.R.D. at 152.

In assessing the calculation of a reasonable percentage to award attorney fees, Eighth Circuit cases have utilized the twelve-factor test from *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974). *See In re Xcel Energy Inc. Securities, Derivative and ERISA Litig.*, 364 F.Supp.2d 980, 993 (D. Minn. 2005) (applying some of the *Johnson*

factors[5] in awarding 25% fee based on $80 million settlement fund, plus costs). In the *Xcel Energy Inc. Securities* case, the court exercised its discretion by analyzing some of the *Johnson* factors based on the circumstances of that case. 364 F.Supp.2d at 993. A similar analysis may be helpful here.

1. <u>The Time and Labor Required</u>

The time and labor required to prosecute Plaintiff's claims is described above. As is apparent, Class Counsel performed a significant amount of work to reach a successful settlement on behalf of the Class.

2. <u>The Novelty and Difficulty of the Questions</u>

Litigation concerning FACTA is relatively new and poses several unresolved questions, including whether the potential for very large damage awards is a basis to deny class certification, *see Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010); how the term "consumer" should be interpreted, *see Pezl v. Amore Mio*, 259 F.R.D. 344, 347–48 (N.D. Ill. 2009); and whether damages should be assessed on a per consumer or per transaction basis, *see Reibstein v. Rite Aid Corp.*, 761 F.Supp.2d 241 (E.D. Pa. 2011), among others.

3. <u>The Skill Required to Perform the Legal Service Properly</u>

Achieving Plaintiff's goals in this matter required skills in researching and writing, factual investigation, drafting of pleadings, written discovery, oral advocacy and negotiation.

---

[5] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the litigation; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. *Johnson*, 488 F.2d at 719-20.

### 4. The Preclusion of Other Employment

Because Class Counsel are fully engaged in the practice of law, taking on this matter precluded their ability to perform other remunerative work for other clients during the same time.

### 5. The Customary Fee

Class Counsel's customary hourly rates (and the rates on which this Motion is based) are in line with the rates of other attorneys in this region of similar skill and experience and provide a useful guide for the Court's lodestar analysis. However, they do not reflect the additional risk that Class Counsel incurred in taking this case on a contingent fee basis.

### 6. Whether the Fee is Fixed or Contingent

Counsel took this matter on a contingent basis, incurring substantial risk that should be reflected in the fee award. Risk must be assessed in light of what counsel faced at the beginning of the case, not in light of the ultimate settlement. *Xcel Energy Inc. Securities*, 364 F.Supp.2d at 994. As the *Xcel* court acknowledged, the risk of no recovery in a complex case is not hypothetical. *Id.* In addition, because of the statutory damages available under FACTA, even a successful prosecution of the case through trial and appeal could have resulted in the some or all of the Defendants' filing for bankruptcy protection and the Class Members obtaining virtually no benefits.

### 7. The Time Limitations Imposed by the Client or the Circumstances

This factor does not appear to apply in this matter.

### 8. The Amount Involved and the Results Obtained

As stated above, this Settlement created *potential maximum* value to the Settlement Class Members of more than $35 million. Under the percentage-of-recovery method of assessing attorney fee awards, fees are assessed against a common fund created by counsel's efforts, not against the portion of the fund actually claimed by class members. *Boeing Company v. Van*

*Gemert*, 444 U.S. 472 (1980). The success achieved by the settlement stems from its creation of a significant and substantial benefit for the Class. The Settlement Class Members have already received Certificates as described above, which are transferable, stackable with other coupons and discounts, and will be valid for 6 months beginning on the Effective Date of the Settlement. In addition, Plaintiff believes Defendants' systems are now in compliance with FACTA.

### 9. The Experience, Reputation, and Ability of the Attorneys

Class Counsel have collectively been practicing law for more than forty years and have handled numerous litigation matters in both state and federal court including complex litigation. The Court is respectfully directed to Class Counsel's Resume, previously submitted as Exhibit A to Plaintiff's Suggestions in Support of his Motion for Preliminary Approval of the original settlement in this case (Doc. 37).

### 10. The "Undesirability" of the Case

This factor does not apply in this case.

### 11. The Nature and Length of the Professional Relationship with the Client

This was Class Counsel's first representation of Plaintiff. "The meaning of this factor, however, and its effect on the calculation of a reasonable fee has always been unclear." *Peterson v. Mortgage Sources, Corp.*, No. 08–2660–KHV, 2011 WL 3793963, *12 (D. Kan. 2011) (citing *Lucas v. Kmart Corp.*, No. 99–cv–01923–JLK–CBS, 2006 WL 2729260, at *7 (D. Colo. July 27, 2006); *Ruiz v. Estelle*, 553 F.Supp. 567, 594 (S.D. Tex. 1982)). "Courts applying the *Johnson* factors typically state that this particular standard is irrelevant or immaterial." *Id.*

### 12. Awards in Similar Cases

Several courts have approved analogous settlements and attorneys' fees requests in similar FACTA cases. *See, e.g., Klingensmith v. Max & Erma's Restaurants, Inc.*, No. 07-0318, 2007 WL 3118505 (W.D. Pa. 2007); *Curiale v. Lenox Group, Inc.*, No. 07-1432, 2008 WL

4899474, at *10 (E.D. Pa. 2008) (citing similar FACTA settlements)[6]; *Hanlon v. Palace Entertainment Holdings, LLC*, No. 11–987, 2012 WL 27461 (W.D. Pa. 2012).

Based on the hours expended by Class Counsel, the relief available to the Class, and the fact that the attorneys' fees requested do not reduce the relief available to the Class, Class Counsel's fee request of $175,000 is reasonable and justifiable.

First, as described above, each Settlement Class Member has already received a Certificate for either $10 or $30 toward a future rental at Defendants' businesses, which will become valid for 6 months upon the Effective Date of the Settlement. Thus, Class Counsel created a significant and substantial value for the Class, and the requested attorneys' fees are assessed against the common fund created by counsel's efforts, not against the portion of the fund actually claimed by class members. *Boeing Company v. Van Gemert*, 444 U.S. at 480 (1980).

Additionally, and importantly for the Class, Defendants have, as a result of this litigation, brought their systems into compliance with FACTA at all of their locations. Thus, Class Counsel halted the risk to Defendants' customers' financial identities, an immeasurably important benefit for the Class. Plaintiff's fee request represents less than one-half of one percent of the *potential* monetary value created for the Class, and less than 5 percent of the minimum value estimated to be redeemed by Settlement Class Members - a very reasonable percentage that does not include the significant non-monetary benefit to the Class.

---

[6]*See, e.g., Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, No. 07-1433 (E.D. Pa. 2008) (granting final approval of FACTA settlement providing for payment options of a free mug or dinner plate valued at $8.00, or a coupon for $10.00 off a $25.00 purchase; attorneys' fees of $112,500 to the plaintiffs' class counsel; and $2,500 to the plaintiffs' class representative); *Curiale v. Hershey Entm't & Resorts Co.*, No. 07-0651 (M.D. Pa. 2008) (granting final approval of FACTA settlement providing for $8.33 voucher or $8.00 coupon; attorneys' fees of $105,000; a donation of $5,000.00 to charity; and $2,000 to plaintiffs' class representative).

### D. The Class Representative Is Entitled to an Incentive Fee

In light of his efforts resulting in a favorable settlement on behalf of a Settlement Class of hundreds of thousands of individuals who engaged in more than 1 million affected transactions, the representative Plaintiff deserves a reasonable incentive fee award. The Settlement Agreement provides that, subject to Court approval, Defendant will not oppose an incentive fee of up to $3,000 for the named Plaintiff. The Court should approve this incentive fee award for the Plaintiff's role in pursuing this case and obtaining a favorable settlement on behalf of the Class.

The time an individual devotes to a lawsuit which inures to the common benefit of the Class warrants entitlement to an award greater than what the typical class member receives. "Courts have held that incentive awards are an efficient and productive way to encourage members of a class to become class representatives, and to reward the efforts they make on behalf of the class." *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.*, No. 09–cv–01543–REB–KMT, 2010 WL 5387559, *6 (D. Colo. 2010) (citing *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1037 (8th Cir. 2002)); *see also In re Aquila ERISA Litig.*, No. 04-00865-CV-DW, 2007 WL 4244994, at *3 (W.D. Mo. 2007) (awarding incentive fee between $5,000 and $25,000 for named plaintiffs because they "rendered valuable service to the Plan and all Plan Participants. Without this participation, there would have been no case and no settlement."). Plaintiff requests a modest award of $3,000 for participating in this matter and for providing assistance to counsel in pursuing this matter. His conduct has resulted in a benefit to the class: without his efforts, this case would not have been brought, and this settlement would not have been achieved. *See id.*

## V. CONCLUSION

Under all the circumstances existing here, Plaintiff's request for fees and costs is more than reasonable. The Settlement Agreement represents a good outcome for Plaintiff's claims. First, the Defendants are now in compliance with FACTA at all of their business locations. Additionally, by agreeing to the settlement, Plaintiff assured that each Settlement Class Member would receive a transferable, stackable Certificate valid for 6 months for either $10 or $30 toward a future rental from Defendants. Even assuming that Plaintiff would prevail in a trial on his claims, such a result could certainly yield less against Defendants, or perhaps no recovery at all.[7]

For all the foregoing reasons, Plaintiff John T. Galloway requests that he be awarded reasonable attorneys' fees and costs in the amount of $175,000 and an incentive fee award of $3,000.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Brian J. Christensen
Brian J. Christensen     KS #16528
Bryant T. Lamer     KS #22722
Kyle B. Russell     KS#20457
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
Telephone:     (913) 345-8100
Facsimile:     (913) 345-0736
bchristensen@spencerfane.com
blamer@spencerfane.com
krussell@spencerfane.com
***ATTORNEYS FOR PLAINTIFF***

---

[7] A showing of negligent conduct only entitles a plaintiff to <u>actual</u> damages and attorneys' fees. 15 U.S.C.A. § 1681o. Plaintiff has not pled a cause of action for actual damages, thus any finding of negligent (as opposed to willful) conduct on the part of the Defendants would result in no benefit to the Class.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 16, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Brian J. Christensen
*Attorney for Plaintiff*

15

OP 832281.2

Case 4:11-cv-01020-DGK   Document 70   Filed 12/16/13   Page 19 of 19