# EXHIBIT D

| | |
|---|---|
| **From:** | Brown, Sara Ann |
| **Sent:** | Wednesday, October 30, 2013 12:14 PM |
| **To:** | Russell, Kyle; Golden, Barry; Lamer, Bryant; Christensen, Brian |
| **Cc:** | Coutu, Elizabeth A. |
| **Subject:** | RE: Galloway v. KCL - Amended Preliminary Settlement Approval Order, Amended Postcard Notice, and Amended Full Length Notice |

Thanks Kyle, we'll work in your changes.

Sara Ann Brown
214.999.4887 direct

**From:** Russell, Kyle [mailto:krussell@spencerfane.com]
**Sent:** Wednesday, October 30, 2013 12:13 PM
**To:** Golden, Barry; Lamer, Bryant; Christensen, Brian
**Cc:** Brown, Sara Ann; Coutu, Elizabeth A.
**Subject:** RE: Galloway v. KCL - Amended Preliminary Settlement Approval Order, Amended Postcard Notice, and Amended Full Length Notice

I am fine with the overall new structure and look of the notices. I caught a few small things that may be worth changing before you file:

I think the correct spelling is "Kansas City Landsmen" rather than "Landmen" – it says "Landmen" in the caption on the front of the postcard, and in the text of the answer to question 16 re: objections.

In questions 10 and 13, I would change the word "get" to "use" since class members already will have gotten the certificate and the questions really related to their use of the certificate.

In the answer to question 21, I think the certificates become valid only after the court approves the settlement *and* appeals are exhausted or resolved, or the time for any appeal has passed. I would just put that in at the end of the answer to the question, instead of saying "the court orders it so" – which could leave people with the impression that the certificates are valid as soon as the final approval order is entered.

Finally, in question 22, it looks like there is a comma where there should be a period: "If you wish to write to communicate with Class Counsel, you may do so by writing or calling Class Counsel. Their contact information follows."

> **From:** Golden, Barry [mailto:bgolden@gardere.com]
> **Sent:** Wednesday, October 30, 2013 11:17 AM
> **To:** Russell, Kyle; Lamer, Bryant; Christensen, Brian
> **Cc:** Brown, Sara Ann; Coutu, Elizabeth A.
> **Subject:** RE: Galloway v. KCL - Amended Preliminary Settlement Approval Order, Amended Postcard Notice, and Amended Full Length Notice
>
> We made a number of changes to the exhibits (the postcard and the class notice that will appear on the website). I'm not sure what you would call "substantive," but we did modify both exhibits quite bit in order to make the language clearer and hopefully encourage more redemption—both goals which I understood the Court to be telling us through the law clerk. I'm pretty confident that you'd like the way the exhibits read (and we're hopeful that the Court will as well).

**From:** Russell, Kyle [mailto:krussell@spencerfane.com]
**Sent:** Wednesday, October 30, 2013 11:10 AM
**To:** Golden, Barry; Lamer, Bryant; Christensen, Brian
**Cc:** Brown, Sara Ann; Coutu, Elizabeth A.
**Subject:** RE: Galloway v. KCL - Amended Preliminary Settlement Approval Order, Amended Postcard Notice, and Amended Full Length Notice

I have not reviewed the exhibits again, but assuming they haven't changed substantively since the last version we submitted, that is fine.

---

**From:** Golden, Barry [mailto:bgolden@gardere.com]
**Sent:** Wednesday, October 30, 2013 10:25 AM
**To:** Russell, Kyle; Lamer, Bryant; Christensen, Brian
**Cc:** Brown, Sara Ann; Coutu, Elizabeth A.
**Subject:** RE: Galloway v. KCL - Amended Preliminary Settlement Approval Order, Amended Postcard Notice, and Amended Full Length Notice

Kyle,

Thanks for the comments. I am attaching a revised version of the documents (incorporating your comments). Assuming that I don't make any material modifications, may I represent that this is should constitute a joint submission?

Barry

---

**From:** Russell, Kyle [mailto:krussell@spencerfane.com]
**Sent:** Wednesday, October 30, 2013 9:02 AM
**To:** Golden, Barry; Lamer, Bryant; Christensen, Brian
**Cc:** Brown, Sara Ann; Coutu, Elizabeth A.
**Subject:** RE: Galloway v. KCL - Amended Preliminary Settlement Approval Order, Amended Postcard Notice, and Amended Full Length Notice

Barry – The only edits we would suggest are in the new paragraph 5, as follows:

A couple of times, it says "Settlement Fairness Hearing" and we would suggest substituting the words "Final Approval Hearing" instead, consistent with the defined term earlier in the order.

Finally, we would add a clause saying Plaintiff also will file his motion for attorney fees and costs and class rep incentive award within the same time frame.

Thus, with our proposed edits, paragraph 5 would read: "No later than 15 days prior to the Final Approval Hearing, Plaintiff and Defendants shall jointly move the Court for entry of the Final Order Approving Class Action Settlement and Judgment ("the Final Order and Judgment"), and Plaintiff shall file his Motion for an award of attorney fees and costs, and class representative incentive fee. The motion seeking entry of the Final Order and Judgment, and Plaintiff's Motion for attorney fees, costs and class representative incentive award, shall be noticed for the same day as the Final Approval Hearing.

Thanks,

Kyle

**From:** Golden, Barry [mailto:bgolden@gardere.com]
**Sent:** Tuesday, October 29, 2013 5:14 PM
**To:** Lamer, Bryant; Christensen, Brian; Russell, Kyle
**Cc:** Brown, Sara Ann
**Subject:** Galloway v. KCL - Amended Preliminary Settlement Approval Order, Amended Postcard Notice, and Amended Full Length Notice

Brian, Bryant, and Kyle,

Yesterday, I represented to Judge Kays's law clerk that by the end of today, I would be submitting a revised Agreed Order (and attached exhibits). Unfortunately, today got a bit hairy for me, so I'm just now sending you a draft of what I intend to submit to the Court tomorrow. I called the Court and gave a heads-up that I would not be submitting these papers until 3:00 p.m. tomorrow, and was told that this would be ok.

Please review the attached, and let me know if you are agreeable to the form (which you'll note that I modified to address the Court's concerns relating to the clarity of the procedures).

Barry