**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN T. GALLOWAY,<br>individually, and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>THE KANSAS CITY LANDSMEN, LLC,<br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:11-1020-CV-W-DGK |

**ORDER GRANTING IN PART MOTION FOR APPROVAL OF ATTORNEYS' FEES AND CLASS REPRESENTATIVE INCENTIVE FEES**

This is a class action case in which name Plaintiff John T. Galloway has sued Defendants, twenty-one Budget brand rental car businesses, for violating the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681. On February 28, 2014, the Court issued final approval to a class-wide settlement which provided injunctive relief and "certificates" (coupons) for individual class members. Now before the Court is Plaintiff's Renewed Unopposed Motion for Approval of Attorneys' Fees and Expenses and Class Representative Incentive Fees (Doc. 91) and Suggestions in Support (Doc. 92).

Plaintiff seeks an award of attorneys' fees and reimbursable expenses totaling $153,416.76 and a class representative fee of $3,000 for prosecuting and settling this case. Because the value of the injunctive relief is minimal and the value of the redeemed coupons totaled only $8,000, pursuant to 28 U.S.C. § 1712(a)-(c) the Court awards class counsel $23,137.46 in attorneys' fees and costs. The Court awards Plaintiff a class representative incentive fee of $1,000. The Motion is GRANTED IN PART.

## Background

Plaintiff's lawsuit alleged Defendants violated FACTA by failing to properly truncate the display of credit and debit card numbers and expiration dates on electrically printed receipts provided to their customers. Plaintiff asserted Defendants' non-compliance was willful, and he sought statutory damages, punitive damages, and attorneys' fees on his behalf and on behalf of the class. Defendants denied that they engaged in any unlawful conduct or willfully violated FACTA.

After Plaintiff filed suit, but before the parties reached a proposed settlement, Defendants installed software which ensured that their store receipts complied with FACTA.[1] After a successful mediation, the parties reached an agreement on a proposed settlement.

Under the proposed settlement, each class member who submitted a valid claim would receive a coupon (called a "certificate" in the settlement) redeemable at any of Defendant's locations for $5 off any car rental or $25 off any car rental exceeding $150. The coupon was transferrable but came with a number of restrictions on its use: It could not be used with any other offer, it was not redeemable for cash, it had to be used within 120 days from the date it was issued, it could not be used during holiday and other blackout periods, and only one coupon could be used per rental. The proposed settlement contained a "clear sailing" provision under which Defendants agreed not to contest the reasonableness of Plaintiff's request for attorneys' fees and expenses up to $175,000, and Plaintiff's request for an incentive award up to $3,000.

[1] During the settlement hearing, the Court heard testimony that prior to Plaintiff suing, Defendants had attempted to implement software that produced FACTA compliant receipts, but the attempt failed. This evidence cut both ways in determining whether Defendants willfully violated FACTA. Defendants argued it showed they tried to comply with the law; Plaintiff argued it demonstrated any attempt to comply with the law was a ruse. The program obviously did not work, and Defendants could have checked to see if the program worked by looking at a few receipts.

Defendants also agreed to pay the administrative costs of the settlement, and agreed to a stipulated judgment ordering them to comply with FACTA.

The Court, however, denied approval, finding that the proposed settlement provided the class members with insufficient compensation. *See* Order Denying Approval of Class Settlement (Doc. 38). The Court found that an equivalent coupon was generally available to any frugal shopper via the internet, the coupon contained so many restrictions that it had little value, and few class members would likely file settlement claims because it was not worth the effort. The Court also found the notice clause did not provide adequate notice to the class.

After further negotiations, the parties proposed a revised settlement ("the Settlement") which largely addressed the Court's concerns. The Settlement increased the coupon's value to $10 and $30 respectively, increased the time the coupons were valid to 180 days, allowed each coupon to be used in conjunction with other offers, eliminated the blackout dates, and provided direct notification to the class. After holding a settlement hearing pursuant to 28 U.S.C. § 1712(e), the Court found the Settlement's terms were fair, adequate, and within the range of reasonableness. The Court approved the Settlement, subject to correcting a few errors in the class notice and inserting a provision allowing the Court to withhold ruling on Plaintiff's request for attorneys' fees until after the coupon redemption period closed. *See* Order Regarding Approval of Amended Settlement (Doc. 66).

The Settlement was subsequently implemented without any major problems.[2]

The redemption rate for the coupons, however, was underwhelming. Of the approximately 720,498 coupons that were successfully delivered, only 326 were actually

---

[2] The settlement website experienced a problem, but the parties' reached a mutually agreeable solution which the Court approved. *See* Order Granting Plaintiff's Unopposed Motion to Withdraw Suggestion in Opposition to Defendants' Motion for Final Approval of Class Action Settlement (Doc. 88).

redeemed. The redemption rate was 0.045%, meaning less than 1 in 2,000 coupons were redeemed.[3] Of these, 89 were used for the $10 discount, and 237 were used for the $30 discount. The total value of the redeemed coupons was $8,000.

**Discussion**

Plaintiff argues that class counsel is entitled to $147,717.75 in attorneys' fees and $5,699.01 advanced expenses (costs), and that he himself is entitled to a $3,000 award as a class representative incentive fee. With respect to the attorneys' fees request, Plaintiff contends that "[i]n consumer cases such as this," courts analyze a motion under either a "lodestar" approach or a "percentage of the benefit" approach. Suggestions in Supp. (Doc. 92) at 7.[4] He argues this litigation was successful in that it made substantial value available to the class. Plaintiff notes Defendants are now in compliance with FACTA, and he claims the Settlement "created a total maximum monetary value" for the settlement class of $35,530,710. *Id.* at 8. Plaintiff contends a lodestar analysis confirms this is a reasonable fee request, and that the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1711-1715, provides a lodestar analysis is the appropriate way to measure the reasonableness of the proposed award.

**A. The attorneys' fee award is governed by 28 U.S.C. § 1712(c), not § 1712(b).**

As a threshold matter, the Court rejects Plaintiff's assertion that because this is a "consumer case" the court should analyze the motion under either a lodestar approach or a percentage of the benefit approach. Although this case arises from an alleged FACTA violation

---

[3] 326 divided by 720,498 is 0.00045246, multiplied by 100% equals 0.045%.

[4] Under the "lodestar" approach, the court determines the fee award by multiplying the hours counsel reasonably spent on the matter by a reasonable hourly rate of compensation, adjusted up or down to reflect the individual characteristics of the action. *Nienaber v. Citibank (South Dakota) N.A.*, No. 04-4054, 2007 WL 2003761, *2 (D.S.D. 2007). Under the "percentage of the benefit" approach, the court awards counsel fees equal to some fraction of the common fund that counsel obtained during the litigation. *Id.*

and FACTA is a consumer protection statute, this is a class action case heard in federal court in which the settlement provides for a recovery of coupons. Thus, CAFA governs Plaintiff's request for attorneys' fees. 28 U.S.C. §§ 1711-1712.

By its title, § 1712 explicitly governs "Coupon Settlements." It states:

> **(a) Contingent fees in coupon settlements.—**If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.
>
> **(b) Other attorney's fee awards in coupon settlements.—**
>
> > **(1) In general.—**If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.
> >
> > **(2) Court approval.—**Any attorney's fee under this subsection shall be subject to approval by the court and shall include an appropriate attorney's fee, if any, for obtaining equitable relief, including an injunction, if applicable. Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.
>
> **(c) Attorney's fee awards calculated on a mixed basis in coupon settlements.—**If a proposed settlement in a class action provides for an award of coupons to class members and also provides equitable relief, including injunctive relief—
>
> > (1) that portion of the attorney's fee to be paid to class counsel that is based upon a portion of the recovery of the

> coupons shall be calculated in accordance with subsection (a); and
>
> (2) that portion of the attorney's fee to be paid to class counsel that is not based upon a portion of the recovery of coupons shall be calculated in accordance with subsection (b).

28 U.S.C. § 1712(a)-(c). Many have noted that this statute is poorly worded and confusing, fueling disputes about its meaning. *See, e.g.*, *Redman v. RadioShack Corp.*, 768 F.3d 622, 633 (7th Cir. 2014) (Posner, J.) (noting the controversy concerning how to interpret the statute and that "[t]his is a badly drafted statute.").

That said, the statute can be summarized as follows. Section 1712(a) applies where the class receives coupon relief only, and it states that an award of attorneys' fees shall be a contingency fee based on the value of the coupons redeemed. 28 U.S.C. § 1712(a); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1182-83 (9th Cir. 2013). Section 1712(b) applies in "mixed" relief cases, that is, where the settlement provides coupons and injunctive relief. 28 U.S.C. § 1712(b). It provides that the value of the injunctive relief in a mixed relief case is determined under the lodestar method, and it confirms that the court *may*, in its discretion, apply an appropriate multiplier to any lodestar award. 28 U.S.C. § 1712(b); *In re HP Inkjet Printer Litig.*, 716 F.3d at 1183. Finally, § 1712(c) prescribes the procedure to use in calculating the attorneys' fee award in mixed relief cases. This procedure is to determine a reasonable contingency fee based on the value of the coupons redeemed, as described in § 1712(a); then determine a reasonable amount via the lodestar method of the injunctive relief, as described in § 1712(b); and then add these two fee amounts together to determine the total award.[5] 28 U.S.C. §

[5] As the Ninth Circuit observed,

1712(c); *In re HP Inkjet Printer Litig.*, 716 F.3d at 1184-85. Hence, under the statute any award of attorneys' fees for work performed on the coupon portion of a settlement must be based on the value of the coupons redeemed.

Plaintiff disagrees with this analysis. Plaintiff contends that § 1712(b) "expressly provides that petitioning counsel can elect to have their attorneys' fees awarded on the basis of a lodestar analysis." Suggestions in Supp. at 13. That is, the text of § 1712(b) gives class counsel the *option* of choosing to be compensated under the lodestar method for *all* of their work on the case, including work related to the coupon settlement. Thus, "the redemption rate is not germane to the Court's analysis, and instead the Court simply reviews the reasonableness of time spent litigating the case and the rates requested." *Id.* In support, Plaintiff cites a short, unpublished Second Circuit decision and two unpersuasive district court decisions in support. *Blessing v. Sirius XM Radio, Inc.*, 507 F. App'x 1, 4-5 (2d Cir. 2012) (holding that since the parties agreement as to attorneys' fees was negotiated separately, the value of the redeemed coupons was not used to determine the fee award, and therefore application of the lodestar method was consistent with § 1712(b)); *Radosti v. Envision EMI, LLC*, 760 F. Supp. 2d 73, 77-78 (D.D.C. 2011) (same holding); and *Perez v. Asurion Corp.*, No. 06-20734, 2007 WL 2591180, at *2 (S.D. Fla. Aug. 8, 2007) (holding that CAFA's legislative history shows that § 1712(b) gives the court

---

> The practical effect of § 1712(c) is that the district court must perform two separate calculations to fully compensate class counsel. First, under subsection (a), the court must determine a reasonable contingency fee based on the actual redemption value of the coupons awarded. Second, under subsection (b), the court must determine a reasonable lodestar amount to compensate class counsel for any non-coupon relief obtained. This lodestar amount can be further adjusted upwards or downwards using an appropriate multiplier. § 1712(b)(2). In the end, the total amount of fees awarded under subsection (c) will be the sum of the amounts calculated under subsections (a) and (b).

*In re HP Inkjet Printer Litig.*. 716 F.3d at 1184-85.

discretion to use the lodestar method). As for § 1712(c), Plaintiff never quotes or discusses its language, but he argues in a footnote that the subsection provides class counsel in a mixed relief case the option of calculating the attorneys' fee using the lodestar method, a contingent fee method, or a combination of the two. Plaintiff contends § 1712(c) does not apply to this case because class counsel has elected to receive payment under the lodestar method.

Plaintiff's argument, however, is inconsistent with the plain text of § 1712(c) and the statute's purpose. Section 1712(c) states that "[i]f a proposed settlement in a class action provides for" mixed relief, then the portion of the attorney's fee based upon the recovery of coupons "*shall be* calculated in accordance with subsection (a)," and the portion of the attorney's fee not based upon the recovery of coupons "*shall be* calculated in accordance with subsection (b)." 28 U.S.C. § 1712(c). There is simply no language here which authorizes class counsel to read § 1712(c) in such a way as to allow counsel to choose its method of payment calculation and avoid § 1712(a)'s reach. As a panel the Ninth Circuit observed, "the unambiguous command of § 1712(a) requires that 'any attorney's fee' awarded for obtaining coupon relief be calculated using the redemption values of the coupons." *In re HP Inkjet Printer Litig.*, 716 F.3d at 1185. Plaintiff's interpretation of the statute "would read § 1712(a) completely out of the statute," and violate accepted canons of statutory interpretation. *Id.* (rejecting an argument raised by the dissent which mirrors Plaintiff's argument in this case).

Plaintiff's interpretation also runs contrary to Congress's intent in enacting § 1712, which was to curb abusive coupon settlements where class members get paid in coupons, but class counsel get paid in cash. *Id.* at 1177; *Redman*, 768 F.3d at 634. Section 1712 employs two devices to achieve this goal. First, it requires "heightened judicial scrutiny of coupon-based settlements." *Synfuel Tech., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006).

Second, it enacts a set of specific rules governing how attorneys' fees are awarded in coupon class actions. *In re HP Inkjet Printer Litig.*, 716 F.3d at 1179. Two of these rules, § 1712(a), (c), operate to disincentivize class counsel from pursuing abusive coupon settlements by basing the attorneys' fee award in part on the value to the class members of the coupons that are redeemed. If the Court accepted Plaintiff's interpretation of § 1712(a)-(c), it would essentially re-write this portion of the statute, thwarting Congress's intent.

Accordingly, the Court holds the calculation of the attorneys' fee award in this case is governed by § 1712(c).

**B. The Court awards class counsel $23,137.46 in attorneys' fees and costs. It awards Plaintiff a class representative incentive fee of $1,000.**

Applying § 1712(c) to the present case, the Court finds as follows. With respect to § 1712(c)(1), the Court finds a reasonable contingency fee based on the actual value of the coupons redeemed is $2,666.67, which is 33% of the $8,000 total actual value of coupons redeemed. In the Court's experience, 33% is in the middle of the range that attorneys performing contingency fee work in this market typically charge their clients when a case settles at this stage in the litigation, before counsel has engaged in significant discovery or extensive motion work. Indeed, as discussed below, a review of class counsel's billing records shows that most of counsel's time was spent on settlement related matters.

Turning to § 1712(c)(2), the Court calculates a reasonable lodestar amount to compensate class counsel for the work performed in obtaining the injunctive relief. Again, under the "lodestar" approach, the court determines the fee award by multiplying the hours counsel reasonably spent on the matter by a reasonable hourly rate of compensation, adjusted up or down to reflect the individual characteristics of the action. *Nienaber v. Citibank (South Dakota) N.A.*,

No. 04-4054, 2007 WL 2003761, *2 (D.S.D. 2007). In deciding whether to adjust the fee award, the Court considers twelve factors. These are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 946 n.3 (8th Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

In the present case, it is difficult for the Court to determine the amount of time class counsel spent obtaining injunctive relief because the billing records do not differentiate between time spent obtaining injunctive relief and time spent on the coupon portion of the Settlement. In fairness to class counsel, it appears that very early on in the case they spent a fair amount of time on matters of general applicability to the litigation, such as drafting pleadings, performing research, preparing the Rule 26 report, etc., work that advanced both the coupon and non-coupon portions of the settlement.

On the other hand, the billing records show that almost all of the time class counsel spent on this case from March 2012 to the present concerned mediation, negotiation, or settlement, time which was likely spent on the coupon related portion of the Settlement. The Court notes that the injunctive relief sought here—getting Defendants to agree to abide by FACTA—was so routine and non-controversial that class counsel likely spent little time negotiating this portion of the Settlement. The Court sees similar provisions in most of the class action settlements it

reviews. Additionally, Defendants position was that they never violated the statute willfully, so they should have had no difficulty agreeing to abide by it in the future. Defendants also essentially mooted the need for this provision by installing software to make their stores FACTA compliant before the parties reached any settlement. The fact that the injunctive relief here was so non-controversial weighs in favor of charging most of the time spent on mediation, negotiation, and settlement to the coupon portion of the Settlement. Since the Court finds that the vast majority of the time class counsel spent on this case from March 2012 to the present concerned mediation, negotiation, or settlement, the Court finds that only 10% of all of class counsel's total billable time should be recoverable as time spent obtaining injunctive relief. However, the Court finds class counsels' various hourly billing rates are all reasonable. The Court has also considered the *Johnson* factors and finds they do not weigh in favor of adjusting the fee award.

After carefully considering all of the above, the Court awards class counsel 10% of its requested $147,717.75 in attorneys' fees pursuant to § 1712(c)(2). This amount is $14,771.78.

The Court then adds this amount to the $2,666.67 awarded pursuant to § 1712(c)(1) for a total attorneys' fee award of $17,438.45. The Court further finds that all of class counsel's requested costs of $5,699.01 are reasonable and compensable.

Finally, the Court considers Plaintiff's request for a class representative incentive fee. A class representative incentive fee, or service award, is regularly made to compensate class representatives for their assistance to the class. *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2013 WL 716460, at *2 (D. Minn. Feb. 27, 2013). Although Plaintiff's brief does not explain what Plaintiff did to deserve a $3,000 award, some award is appropriate to compensate Plaintiff for his willingness to prosecute this litigation and act as the

public face of the litigation by doing such things as sitting for a deposition, consulting with class counsel, etc. *See id.* Based on the existing record, however, it appears Plaintiff has not done a great deal in this case; certainly not enough to merit a $3,000 award. Accordingly, the Court awards Plaintiff $1,000, a minimal award that appears commensurate with his level of involvement.

**Conclusion**

For the reasons discussed above, Plaintiff's Renewed Unopposed Motion for Approval of Attorneys' Fees and Expenses and Class Representative Incentive Fees (Doc. 91) is GRANTED IN PART. The Court awards class counsel $23,137.46 in attorneys' fees and costs. The Court awards Plaintiff a class representative incentive fee of $1,000.

**IT IS SO ORDERED.**

Date: February 20, 2014

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT